# Perrine *v.* Southern Bitulithic Company, *et al.*

### *Damage for Loss of Society and Service of Wife.*

(Decided November 7, 1914.  66 South. 705.)

1. *Municipal Corporations; Action for Injury; Presentation of Claim.*—Section 1191, Code 1907, being but a mere statute of nonclaims the bringing of a suit for damages for tort within six months is a sufficient presentation of a claim.

2. *Same.*—Section 1275, Code 1907, does not require that the exact amount of damages subsequently claimed in the complaint or found by the jury shall be stated, although the recovery should be limited to the amount claimed in the statement; hence, a variance between the statement and the complaint as to the amount of damages claimed did not defeat a recovery where both covered the same cause of action.

3. *Same; Defects in Streets.*—To render a city liable for damages for personal injuries caused by falling into a hole in the street or sidewalk, it was not necessary that the city alone should be liable, since there could be a recovery against it if it was liable severally or jointly with the contractor.

4. *Same; Torts; Evidence.*—Where the action was for injuries caused by falling into a hole in the street or sidewalk, evidence that other people fell at the same place is admissible, where it further appeared that such falls were very near, if not at the exact time of, the accident sued for, and that the conditions were the same.

5. *Same.*—Evidence as to the number of people which passed the place in question per day was not admissible in an action for injuries caused by falling into a hole in the street or sidewalk.

6. *Evidence; Physical Condition.*—A person shown to be familiar with the physical condition of an injured person before and after the injury, was competent to state whether there was a change in that condition after the accident.

7. *Same; Facts or Conclusions.*—Testimony of such a witness that the person injured was much worse after the accident, and was never thereafter a robust woman, was a shorthand rendering of the facts and not the statement of a conclusion.

8. *Damages; Evidence.*—In a husband's action for damages for personal injuries to his wife, evidence as to his expenses in having her treated was admissible; he is required, however, to state the fact and could not give a mere estimate of such expense.

APPEAL from Birmingham City Court.

Heard before Hon. E. C. CROWE.

Action by H. C. Perrine against the Southern Bitu-
lithic Company in Birmingham, for damages for loss
of the society and service of his wife caused by inju-
ries to her from falling into a hole in the street or side-
walk of said city, which was being repaired under con-
tract by the defendant company. Judgment for defend-
ants, and plaintiff appeals. Reversed and remanded.

W. A. DENSON, for appellant.

M. M. ULLMAN, for appellee.

MAYFIELD, J.—Appellant sued appellees to re-
cover damages for loss of the services of his wife and
for the costs and expenses incurred in treating and
caring for her, which damages are alleged to have been
proximately caused by the negligence of the appellees
in causing or allowing a hole in the streets or side-
walks in the city of Birmingham, into which hole plain-
tiff's wife fell, sustaining personal injuries resulting in
plaintiff's loss and damages complained of. At the close
of the plaintiff's testimony the trial court, at the re-
quest of the city of Birmingham, gave the affirmative
charge in favor of the city, and defense proceeded there-
after as to the other defendant alone; the trial result-
ing in a judgment for both defendants. From that
judgment, plaintiff prosecutes this appeal.

(1, 2) We are of the opinion that the trial court
erred in giving the affirmative charge for the city. The
court evidently proceeded upon the theory that there
was no sufficient presentation of the claim on which
the action was brought, as required by Municipal Code,
§§ 1191, 1275. The authorities relied on by appellee
(*Newman v. Birmingham*, 109 Ala. 630, 19 South. 902,
and *Bland v. Mobile*, 142 Ala. 144 37 South. 843) to

support the ruling of the trial court construe statutes different from the statutes in question, as was pointed out by this court in the case of *Anderson v. Birmingham*, 177 Ala. 302, 58 South. 256. Section 1191 was held to be like a statute of nonclaim, and it was ruled that the bringing of the suit might answer as the presentation so far as section 1191 of the Code was concerned. This case was followed in the case of *Athens v. Miller, infra*, 66 South. 702. We do not hold that section 1275 is also like a statute of nonclaim, but it is different from the local statutes construed in *Bland's* and *Newman's Cases, supra*.

The claim here sued on was presented as required by section 1275 of the Code, except it was for only $3,-000, while the amount claimed in the complaint was $5,000. However, we do not think that this was such a variance as to entirely defeat a recovery. The recovery should be limited to the amount claimed in the presentation. There is no doubt that the claim for damages for the identical cause of action was presented, and that the city then denied all liability, and does now deny all liability. No possible injustice has been done, or can be done, the city, if the liability is limited to the amount originally claimed. Moreover, the exact amount of damages in cases like this cannot be easily ascertained, and the court will not hold the parties to the same accuracy as to the amount that it will require where the damages are liquidated or easily ascertained. In fact, it is often impossible to know, even at the trial, what the exact amount of damages will be, even if all the facts be admitted. The law is reasonable, and does not require the doing of impossible or useless things. In some cases the only measure of damages is "such as the jury may assess." The plaintiff, therefore, could not know in advance what this amount

would be. To hold that the plaintiff, in all cases, must name the exact amount of his claim, and cannot recover at all if he claims in his complaint, or the jury find, more or less than this exact amount, would prevent a recovery in many cases, even when the plaintiff did all that could be done, and did so with all proper diligence.

We are not willing to give the statute this construction. The construction we give it is the one we think the Legislature intended. It will be noticed that the statute in question is different from the one construed in *Bland's Care, supra.* In that case the statute prohibited a suit being brought until the claim was presented as the statute required. In section 1275 the statute only provides that there shall be no recovery unless the claim is presented as the statute requires. It is true that this section of the Code contemplates a presentation of the claim before suit brought, but not that the amount shall correspond with or be the same as that of the complaint or that of the verdict. The claim sued on must be, however, the same one that was presented for allowance. A plaintiff cannot present one claim, and then sue on another. This was held in the case of *Brannon v. Birmingham,* 177 Ala. 419, 59 South. 63. In that case a claim for damages was filed on account of defects in or at a certain street crossing. A suit was brought to recover damages, the result of a defect in or at another and different crossing, and the variance was held fatal. But in this case there is no such variance. The claim presented was the one sued on, the only difference being in the amounts claimed. This we hold is not a fatal variance as applied to section 1275 of the Code, which, as we have said, is different from the statute construed in *Bland's Case,* 142 Ala. 144, 37 South. 843.

(3) While the evidence in this case shows that the work on the streets in question, which caused the hole in the street, was being done by contractors with the city, and not by the city itself, yet it shows that the city was supervising and directing the work in such manner that it was a question for the jury whether the city was guilty of any actionable negligence which proximately contributed to the injury. It was not necessary that the city alone be liable; it might be jointly or severally liable, and in either event a recovery could be had against it. Each defendant was represented by different counsel, which made it proper, if not necessary to the justice of the case, that such a practice should be pursued on the trial.

(4) It was error, however, to decline to allow the plaintiff to prove that other people fell, at the place in question, and about the time plaintiff's wife fell and received the alleged injuries. Such evidence is, of course, not admissible unless shown to be nearly corresponding, both as to time and place, with the injury or fall in question, so as to tend to show that the condition was the same on the two occasions in question. The evidence here excluded did tend to show that the occasion when another fell at the same place, was very near the time at which plaintiff fell, and that the conditions were the same. The rule is well stated in *Starr's Case*, 112 Ala. 107, 20 South. 424, *Posey's Case*, 124 Ala. 488, 26 South. 914, and *Alexander's Case*, 93 Ala. 133, 9 South. 525. We are unable to distinguish between the evidence excluded in this case, and that held proper in *Starr's Case, supra*. In this case the evidence excluded was as follows: "When I saw her fall—there were several fell, but she got the worst fall of all; my daughter fell."

[Perrine v. Southern Bitulithic Company, et al.]

If this was not the exact time at which plaintiff's wife fell, it was so near thereto as to make the evidence admissible.

(5, 6) The trial court also erred in excluding the evidence of Mrs. Wilkes that the condition of plaintiff's wife "was very much worse after the accident, and that she was never a robust woman after the accident." This witness was shown to have been familiar with the physical condition of Mrs. Perrine, before and after the accident, and was therefore competent to state whether or not there was a change in the condition of Mrs. Perrine after the accident, and if so, what the change was, and this is all the evidence amounted to. It was but a shorthand rendering of the facts, and was not objectionable as a conclusion of the witness.

(7) There was no error in declining to allow the plaintiff to give an opinion as to how many people passed the place in question, per day. This was not an issuable fact on the trial.

(8) The plaintiff, of course, should be allowed to state the expenses to which he had been put, in treating his wife on account of the alleged injuries; but it was not proper to allow him to give a mere estimate thereof. He should have stated the facts.

It is unnecessary to discuss each ruling on the evidence. It is sufficient to say that each has been examined, and that we find no error, except as above noted. As the case must be reversed, and the other questions may not arise on another trial, it is unnecessary to decide or to discuss them.

Reversed and remanded. All the Justices concur.