(132 So. 887)

## CITY OF BIRMINGHAM v. GUY.
### 6 Div. 843.

Supreme Court of Alabama.
March 5, 1931.

Charge E, refused to defendant, is as follows:

Wilkinson & Burton, of Birmingham, for appellant.

Mullins & Jenkins and J. W. Davis, all of Birmingham, for appellee.

ANDERSON, C. J.

We think that the claim filed substantially complied with the statute. City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874. The statute does not require that the claim should set forth or describe the cause or circumstances of the injury or the negligence charged as would perhaps be necessary in a complaint.

There was no error in refusing defendant's requested charge E. If not otherwise faulty, it hypothesizes the fact of a defect in the sidewalk and "stepping stone" and no defect was proven as to the stepping stone. True, counts 3 and 4 charged a defect in the stepping stone, but these counts were charged out at the defendant's request. Moreover, the defendant got the benefit in substance of this charge as well as its refused charge 1 by its given charges 13 and C.

It is strenuously argued that the defendant was due the affirmative charge because the plaintiff was guilty of contributory negligence upon the theory that if she had kept a proper lookout she would have discovered the defect and she would be negligent in stepping in the hole after she discovered it or, if she did not discover it, she was guilty of negligence in not properly looking where she was going. It is well settled that a person traveling upon a sidewalk or a street at a regular crossing has the legal right to assume that he may proceed with safety. City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634; Mayor, etc., of Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576. It is contended, however, that this right to assume safety applies to the sidewalk or regular street crossings, and not to points or crossings where pedestrians are not invited or supposed to be. As to this we need not decide, as the hole in question was in the sidewalk and not the street. It is argued that if the plaintiff was keeping a lookout, as she claimed, she was compelled to see the hole and was guilty of negligence in stepping in it. She admitted that she was looking where she was going and did not see the hole. This statement was reconcilable as she may have been looking ahead and not down, she could have been looking where she was going and not down at the ground all the time, and did not necessarily see the hole.

Finding no reversible error in the record, the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.