(133 So. 717)

### ERWIN MFG. CO. v. CROFT.

8 Div. 284.

Supreme Court of Alabama.

March 19, 1931.

Rehearing Denied April 23, 1931.

Watts & White, of Huntsville, for appellant.

Griffin & Ford, of Huntsville, for appellee.

BOULDIN, J.

Erwin Manufacturing Company, operating a textile mill near the city of Huntsville, sued "A. M. Croft, doing business as Union Motor Freight Line," for damages arising from injury to its plant, charged to the negligence of defendant's employee.

Assuming there is evidence that "Union Motor Freight Line" was the business name used by defendant, Croft, he was engaged in operating a motor freight truck, transporting and delivering freight between Chattanooga and Huntsville, and between Scottsboro and Huntsville, and other intermediate points.

In delivering freight to plaintiff's platform, connected with its warehouse, the driver backed the truck into and against a guy wire which plaintiff had installed to stay a smokestack. The guy wire ran from the smokestack to the base of the warehouse and crossed the approach to the platform near the warehouse so low as to obstruct the movement of the truck. The accident pulled down the smokestack, which fell upon and broke the power line, involving cost of repairs or replacements and loss from suspension of mill operations some fourteen hours.

The entire evidence came from plaintiff's witnesses on direct and cross examination.

Without conflict it appears this same driver with the same truck had been accustomed to deliver freight to plaintiff; that this guy wire had been strung since his last trip; that he followed the usual route through the delivery area, and backed up to the platform near the warehouse as usual.

Under these facts, defendant was an invitee there in the performance of a contract with plaintiff. He was also in the use of a way furnished by plaintiff for the purpose. So invited, he was under no duty to plaintiff, in the absence of warning, to keep a lookout for obstructions of this character. He had the right to assume the way was safe as before. Being under no duty to look out for the wire, it cannot be presumed he did see the same and nevertheless carelessly backed into it. There is no evidence he did in fact see it. We conclude there is an entire absence of proof of negligence. That there was ample delivery area along the platform where the wire would not obstruct makes no difference. The duty to avoid the usual place and method of delivery could only arise after the driver was informed of the obstruction; there being no duty to inform himself.

The affirmative charge for defendant was properly given on the merits, the issue of neg-

ligence vel non, presented by the general issue. City of Birmingham v. Guy (Ala. Sup.) 132 So. 887;[1] City of Montgomery v. Ross, 195 Ala. 362, 70 So. 634; Mayor, etc., of City of Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576; Nashville, C. & St. L. Ry. v. Blackwell, 201 Ala. 657, 79 So. 129; Southern Ry. Co. v. Stewart, 153 Ala. 133, 45 So. 51; 42 C. J. 861.

Other questions not going to the issue of negligence vel non need not be considered.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.

