142 So. 78

### KING v. CITY OF BIRMINGHAM et al.
### 6 Div. 94.

Supreme Court of Alabama.

May 26, 1932.

G. M. Edmonds, of Birmingham, for appellant.

Wilkinson, Burton & Wilkinson, of Birmingham, for appellees.

**THOMAS, J.**

This is an action for damages instituted by appellant for injuries received in falling on a sidewalk of the city of Birmingham, in the nighttime, cause by a water pipe extending across said sidewalk. The pipe supplied water to the property of defendant Henderson from the "main" of the Birmingham Water Works Company in and under the adjacent street; said defendant owned the property adjoining said street and sidewalk over which said pipe extended.

The trial was had upon counts 1 and 4 of the complaint, as amended.

Count 4 alleged, in substance, that the injuries of the plaintiff were caused and suffered by reason of the negligence of the defendants in allowing and permitting said pipe to be and remain over, across, and upon said sidewalk, unguarded and without lights to warn pedestrians of same. The amendment alleged notice of injury filed with the city of Birmingham. It is insisted by appellant that the notice given defendant city was in the language or as provided by General Acts of the Legislature of 1915, page 298, § 12. To the notice given, we will later advert.

The evidence showed that said pipe had been and remained in said condition for six or seven months prior to the infliction of the injuries complained of in said action.

The court refused to allow plaintiff to offer proof of any loss of time, loss of wages, money expended for medicine or medical attention as a part of her damages against the city of Birmingham, or against the defendant, owner of the property, J. R. Henderson, because not itemized and set out in the notice filed with the city of Birmingham.

The court ruled that the notice filed with the city of Birmingham must contain such items to be available.

The jury awarded the plaintiff $1; plaintiff moved to set aside the verdict and judgment rendered, which motion was overruled.

It is required by statute (section 2030, Code) that "the injured party, if he sues the municipality for damages suffered by him, shall also join such other person or persons or corporation so liable as defendant or defendants of the suit, and no judgment shall be rendered against the city or town, unless judgment is rendered against such other person or corporation so liable for such injury, except where a summons is returned not

found as to a defendant or when judgment is rendered in his favor on some personal defense"; and that (section 2031, Code) "no recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured. or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

Thus were the provisions of the Acts of 1915, page 298, § 12, codified.

The notice and sworn statement introduced in evidence was:

"To the Honorables, the Commissioners of the City of ·Birmingham:

"You are hereby notified that Adell King while walking along the South sidewalk of Avenue B, near house number 2511, on the 28th day of July, 1930, about nine P. M., she was injured by being. caused to fall by an unguarded metal pipe constructed and extending across, over and upon the said sidewalk; that said City of Birmingham has negligently permitted the said defective condition of said sidewalk to be maintained.

"That she was injured about the back, body, limbs, pelvic and abdominal cavities, spine and general nervous system were painfully, severely, and seriously injured; was internally injured.

"Said Adell King claims $1000.00 as damages for said injuries.

"Said Adell King lives at 2607 Alley E in said City of Birmingham.

"Said injuries occurred in the City of Birmingham, at the place as aforesaid designated."

It was duly sworn to by plaintiff.

Plaintiff contends that she should not be required to set out in her sworn statement and notice to. the municipality, her claim for damages, as (1) for loss of time, (2) doctors' bills, hospital bills, and medicines; that her general statement that she "claims $1,000.00 as damages for said injuries" was all the statute required. Several questions were denied by the court, which sought to show the amounts reasonably expended for "hospital, medicine and doctors' bills," and "for loss of time," and due exceptions were reserved thereto.

The bill of exceptions recites as to the rulings in that behalf:

"The Court ruled that: The statement filed with the City has to be at least as technical as the complaint. You can't claim any more in your complaint than you set out in this bill, that you filed with the City. You cannot prove doctor bills, loss of time or wages or money expended for medicine. If ·you are going to claim these you have got to put them in your claim filed with the City.

"To which ruling of the court plaintiff excepts.

"The Court: I will let the plaintiff tell how long she was laid up and how serious her injuries were."

■■ This is not in accord with our decisions. Technical accuracy is not required, and substantial compliance was sufficient. City of Bessemer v. Barnett, 212 ˙Ala. 202, 102 So. 23; City of Birmingham v. Simmons, 222 Ala. 111, 130 So. 896, 74 A. L. R. 766, held · purpose of notice to advise, etc.; McDougall v. City of Birmingham, 219 Ala. 686, 123 So. 83, 63 A. L. R. 1076, general claim for damages by the mother held sufficient to support suit by the mother as next friend for the infant injured; "all that is necessary" is that. it be sufficient to accomplish its purpose; City of Birmingham v. Guy, 222 Ala. 373, 132 So. 887, where the claim was $10,000 as damages for said injuries that were theretofore catalogued; in City of Birmingham v. Scott, ˙ 217 ˙Ala. 615, 117 So. 65, the claim was for ˈ "or as damages" stated, and the question now for decision was not presented.

In City of Birmingham v. Mauzey, 214 Ala. 476, 479, 108 So. 382, 385, the observation by Mr. Justice Sayre was: "There were some inaccuracies in the statement filed, but it, nevertheless, very fully performed the office for which such statements are required, viz.: To inform the municipal authorities substantially of the manner in which the injury was received and the time and place when and where the accident occurred, the damage claimed, and the substantial nature and character of the injury received,. etc., in order that such claims may be investigated and adjusted in proper cases without litigation."

And we are now under the necessity to reexamine the decision and statement in City of Birmingham v. Carlson, 209 Ala. 428, 430, 96 So. 333, 335. It is there declared: "This claim—of admitted completeness in other respects—stated, among other elements of damage suffered by plaintiff, that she had 'lost time from her household duties.' No other claim for loss of time was stated. Plaintiff testified that she was at the time of the accident receiving $60 a month for her services as a clerk at the Terminal Station, and that. for five weeks she was able to do nothing. The court refused to instruct the jury that ˙ plaintiff was not entitled to recover any damage for loss of time. This was not error. It is true that the wife is not entitled to compensation for household services she may have rendered to her family (section 4487 of the Code), but, as we look upon the statute (the act of 1915, supra), plaintiff, having stated in the claim filed with the city clerk the

amount of the damages claimed by her, was under no necessity to state the elements of her recoverable damages as they needed to be stated in a complaint, but, so far as concerns this point, needed only to state with substantial accuracy the nature and character of the injury received 'and the damage claimed'— that is, the total amount of the damage claimed." This decision is decisive of the error committed in said rulings, and is in line with the later cases we have above cited.

The decision in Bland v. City of Mobile, 142 Ala. 142, 37 So. 843, 844, is not in point, as insisted by appellees. The claim there made was "by way of compromise or settlement in order to avoid litigation" for "anticipated suffering," drugs, and doctor's bill. In that case, however, it was declared that a statement giving the name and residence of plaintiff, the nature and elements of her injuries, when, where, and how sustained, and the amount claimed, was sufficient.

The rulings and judgment of the circuit court were in error for the exclusion of evidence of material elements of damages claimed, though not specifically enumerated, as reasonable charges and expenses paid and incurred for hospital, medicine, X-ray, and professional services rendered in the behalf indicated, and also for loss of time; and the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.