154 So.2d 751

**Hattie RAY**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 920.**

Supreme Court of Alabama.

May 30, 1963.

Rehearing Denied July 3, 1963.

E. Ray Large, Birmingham, for appellant.

Sam R. Shannon, Jr., Birmingham, for appellee.

SIMPSON, Justice.

Appeal by the plaintiff from an order of the Jefferson County Circuit Court granting a new trial on the motion of the defendant city.

The jury returned a verdict in favor of appellant in the amount of $4,000.00 for injuries caused by falling on an alleged defect in the sidewalk in downtown Birmingham. The lower court granted appellee's motion for a new trial on the basis that the affirmative charge without hy-

pothesis should have been given on appellee's request due to an insufficient statement of claim to the city.

The only issue raised on this appeal is whether the notice given appellee is a substantial compliance with § 659, Title 62, Code of Ala. 1940, which provides:

"No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."

Appellee City here contends, having raised the point in its motion for a new trial, that the sworn claim failed to state substantially the "manner" in which the injury was received and wholly failed to accurately state the "place" where the accident occurred. All of the other statutory requisites, concededly, were met.

Following is the language of the sworn statement of claim, as filed by appellant with the city clerk of Birmingham:

"Comes Hattie Ray, colored female, sixty-five years of age, living at 2612 19th Place South, Homewood, Alabama, and hereby makes the following sworn statement to be filed with the City Clerk of the City of Birmingham, Alabama, as to the following:

"On, to-wit, August 26, 1959, the affiant was walking in a southerly direction on the west side of 20th Street between 2nd and 3rd Avenues North when her foot was caught by a defect

in the sidewalk on which she was walking, which caused her to be violently thrown to the sidewalk, resulting in grievous personal injuries to her, to-wit, compound break of her right arm. This occurrence happened in the late morning, 11:00 to 11:30 A.M., on August 26, 1959. The amount claimed for said injury is Thirty Five Thousand ($35,000.00) Dollars."

Appellant contends that the sworn claim fulfills even the necessities of pleading accuracy, but that in any event technical accuracy is not required by § 659, Title 62, supra, but only a substantial compliance therewith.

■ The purpose of the statute requiring notice to the city before bringing suit for injury or death is to enable the municipality to investigate and determine the merits of the claim (Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299) and to adjust claims without the expense of litigation if the circumstances warrant (Cole v. City of Birmingham, 243 Ala. 561, 11 So.2d 148).

■■ Technical accuracy is not required by this section but a substantial compliance will suffice. There was no intention of the legislature that this section should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants. City of Birmingham v. Hornsby, 242 Ala. 403, 6 So.2d 884; McKinnon v. City of Birmingham, 196 Ala. 56, 71 So. 463.

■ Appellee here argues that the claim fails to state substantially the "manner" in which the injury was received. We think it manifest from the claim that the general manner in which the injury was received was made clear. The statute does not require that the claimant describe the cause or circumstances of the injury or the

negligence charged as would perhaps be necessary in the complaint. City of Birmingham v. Guy, 222 Ala. 373, 132 So. 887; City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23. True, as argued by appellee the claim does not specifically set out the exact manner in which the injury occurred but we do not believe that this is required. So long as the city is informed of the general type of defect causing the injury, it should be held sufficient. We believe that a description such as that before the Court is sufficient under our statute and cases.

The place where the accident occurred was also sufficiently described in the notice, so as would enable the appellee to investigate and determine the merits of the claim. The "place" was narrowed down to a city block, with the side of the street being specified. No undue burden would be placed upon the city in requiring inspection of the sidewalk along the side of a street on one city block. Notices of claims have been held sufficient although two locations were included in the statement, whereas only one was the correct place (Tolbert v. City of Birmingham, 262 Ala. 674, 81 So. 2d 336, 63 A.L.R.2d 901); and generally a claim which specified the street and block of the city or designates the place as between streets and avenues is sufficient. Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63.

It is our view, therefore, that the learned trial court erred in granting a new trial on appellee's motion, as the statement of claim, while somewhat vague, was sufficient under our statute and the interpretation placed thereon by the cases.

Reversed and remanded.

LIVINGSTON, C. J., and MERRILL, and HARWOOD, JJ., concur.