Sharon Lea CANTLIN *v.* Milan PAVLOVICH

78-340                                           580 S.W. 2d 190

Opinion delivered April 30, 1979
(Division II)

*Wootton, Land & Matthews,* by: *Gene Matthews, Jr.,* for appellant.

No brief for appellee.

JOHN I. PURTLE, Justice. This case arises out of an automobile collision on a paved apron between Emory Street and the Hot Springs High School parking lot in Hot Springs on December 8, 1975. Appellee had pulled off Emory Street and appellant was leaving the parking lot. The paved apron was not designated for parking or driving.

Prior to the trial the appellant presented a Motion in Limine in which she sought to prevent appellee's attorney from in any manner introducing evidence of or conveying any information that appellant undertook settlement negotiations. The court overruled the motion and stated he would decide the matter when it was presented during the trial. The jury awarded appellee $700 damages and appellant appeals on the grounds:

## THE MOTION IN LIMINE SHOULD
## HAVE BEEN GRANTED

and

## THE COURT ERRED IN REFUSING
## TO GIVE AMI 901 AND 903.

The Motion in Limine was proper and should have been granted. However, it within itself would not have been prejudicial error if the court had rejected the matters concerning

settlement negotiations when presented. However, when witness Floyd McDaniel testified, "To my recollection, she (appellant) came down and asked me if she could pay this out. And I told . . . ", the objection of appellant to the testimony was overruled by the court. This was clearly part of the negotiations or offer to settle. Also, the court allowed the introduction of a repair estimate on appellee's vehicle, over objection, to be introduced. The estimate was made out to appellant. The court refused to allow appellant to explain she had made the offer to settle for the purpose of protecting her license to drive a vehicle rather than because she felt she was at fault. We believe this evidence of negotiation was not proper either under our prior case law or Uniform Rules of Evidence, Rule No. 408, which reads as follows:

> "COMPROMISE AND OFFERS TO COMPRO-MISE — Evidence of (1) furnishing, offering, or promising to furnish, or (2) accepting, offering, or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for, invalidity of, or amount of the claim or any other claim. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require exclusion if the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct criminal investigation or prosecution."

We now discuss the refusal of the court to give AMI 901 and 903 as requested. Both parties requested 901 be given; therefore, there would have been no error. However, we believe 901 is a proper instruction to be given under the circumstances. There is no reason why the rules should not apply to parking lots. It might be advisable to omit the words "on the street or highway" from § A. Although we have not previously ruled directly on this point, we find many other states have applied the common law Rrules of the Road to other areas such as parking lots and private property. We would not go so far as to hold that statutory rules of the road apply to other than streets or highways. The common law rules do not depend upon positive or negative legislation but

have developed by judicial decisions and public policy growing from the experience and practice of society in general. Uses and customs coupled with common sense are the basis for such law. From the experience, observations and acceptance of certain practices, it is common sense that the common law rules of the road (AMI 901), which simply state the duty of the operator of an automobile to others, should apply to areas which are frequently used by the public even though such areas are not designated as part of the system of public streets and highways. Cases which have held "proper lookout" and "reasonable care" should be applied to places not on a street or highway are *Erwin Mfg. Co.* v. *Croft,* 222 Ala. 680, 133 So. 717 (1931); *Sientki* v. *Haffner,* 145 F. Supp. 435 (D.C.N.Y. 1956); *Cavalier* v. *Peerless Ins. Co. of Keene, N.H.,* 246 La. 336, 164 So. 2d 347 (1964). We have held that the rules of the road do not apply to off-street areas when the use of the street was not involved. *Bean* v. *Coffee,* 169 Ark. 1052, 277 S.W. 522 (1922).

The testimony indicates appellee was using Emory Street immediately before he turned onto the paved apron separating Emory Street from the designated parking lot at the high school. Ark. Stat. Ann. § 75-618 would appear to certainly be applicable and the facts, when they are developed, may well show it to be proper to insert other statutes or ordinances within the framework of AMI 903 which we believe to have been a proper instruction under the facts of this case. Although all the record was not abstracted, we do know that there seems to be a difference of opinion as to whether appellee turned at an intersection or not but, in any event, he did turn off Emory Street immediately before the collision.

Since evidence of negotiations was improperly admitted and for the further reason that AMI 901 and 903 should have been given, we must reverse.

Reversed and remanded.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.