JONES, Justice.
This is an appeal from dismissal of Plaintiffs suit against the City of Birmingham arising out of a fall suffered by Plaintiff on a city sidewalk. Plaintiff’s complaint was dismissed for failure to comply with the requirements set forth by statute for bringing personal injury suits against the City. The statute in question, Tit. 62,.§ 659, Code of Alabama 1940 (as preserved by § 1-1-10, Ala.Code 1975), states:
“No suit shall be brought unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides.” [1]
The facts giving rise to this suit are these: On December 9, 1977, Plaintiff fell on a public sidewalk. The fall and its location were reported to the City on the same day. Plaintiff met with a city inspector on the following day and repairs were made to the sidewalk two days later. On December 13, 1977, plaintiff went to the city clerk’s office to inquire about filing a claim relative to her injuries. She was instructed by the city employee, then present, to write out a claim in her own words. After completing her statement, which Plaintiff signed in the presence of two witnesses, the city employee examined the statement and, according to Plaintiff, declared it to be sufficient. Plaintiff subsequently received a letter, dated February 25, 1978, from the Assistant City Attorney. The City denied any liability for the accident and, also, informed her that her claim was invalid in that it did not fully comply with the above-mentioned statute. Plaintiff filed suit on December 8, 1978.
The City concedes the claim filed in its clerk’s office complied with all of the requirements of the statute except that it was not sworn to, and the damages sought were *MXXXIX confined to recovery of “all my medical expenses.” Three issues are raised by this appeal:
1) Whether Plaintiff’s filing was sufficient compliance with the statute;
2) if not, is the City estopped from asserting the insufficiency of a claim which it accepted and acted upon? And,
3) assuming that her claim is cognizable, is Plaintiff limited to recovery of her medical expenses, as demanded in her claim, or may she now seek other damages as well?
The rule of construction followed in this State is that of substantial compliance; i. e., the statute will be liberally construed to determine whether claimant has so complied with its requisites as to serve its purpose. Brasher v. City of Birmingham, 341 So.2d 137 (Ala.1976); City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967); Allbritton v. City of Birmingham, 274 Ala. 550, 150 So.2d 717 (1963); Ray v. City of Birmingham, 275 Ala. 332, 154 So.2d 751 (1963). The purpose of the claims statute is to enable the municipality: 1) to investigate and determine the merits of the claim; and 2) to adjust claims without the expense of litigation if the circumstances warrant. City of Anniston v. Rosser, 275 Ala. 659, 158 So.2d 99 (1963).
Weldon, supra, involved some of the same issues as are raised here. There, claimant presented his claim by writing to the mayor of the city, detailing the facts of his injury. The letter was referred to the city clerk who wrote the claimant that his claim had been assigned to a city adjuster who would attempt to negotiate a settlement. Although there ensued extensive contacts between the city adjuster and the claimant, a settlement was never reached and, prior to the running of the statute of limitations, claimant filed suit against the City. The City, by way of demurrer, raised the claimant’s non-compliance, citing his failure to have his claim sworn to or to state the amount of damages claimed. After reviewing the history and nature of the contacts between claimant and the city, Weldon concluded that the city, by its conduct, had forfeited any defense of non-compliance and was subject to the doctrine of estoppel.
The claimant here cites the reassurance to her by the city clerk’s office that her claim, as filed, was sufficient; thus, she, on the precedent of Weldon, urges that we apply the doctrine of estoppel against the City of Birmingham. The City argues, without admitting, that, even if claimant’s version of what transpired between her and the city employee is true, the conduct of the employee in this case does not amount to the culpable misrepresentation, justifying estoppel, which existed in Weldon.
We agree that there is no reason to believe that the city employee’s error was anything but an innocent mistake; however, the culpable misrepresentation in this case consists in the combination of the misrepresentation in fact by the employee and the policy toward the statute of the City itself, which made the misrepresentation possible, if indeed not inevitable. That is to say, the positive effort of assistance on the part of the City led the claimant, who evinced every intention to comply with the City’s instructions, into non-compliance. The fact that the City does not have accurate and complete information readily available to inquiring claimants is only one indication of the City’s apparent misunderstanding of the nature and purpose of the statute in question.
Typical of its misconceived policy is the City’s letter advising Plaintiff that her claim was in non-compliance with the statute; having so advised her, the letter pointedly neglects to inform her how she can cure the alleged deficiency. As already noted, the chief intent of the statute is to protect the City against litigation of claims which it has not had the opportunity to investigate. The statute, however, is not intended to protect the City from the very presentation itself of meritorious claims.
As stated explicitly in Ray v. City of Birmingham, supra:
“There was no intention of the legislature that this section should be used as a stumbling block or pitfall to prevent recovery by meritorious claimants.” 275 Ala. at 334, 154 So.2d at 752.
*MXL Apart from the doctrine of estoppel, it is clear in this case that the claimant substantially complied with the statute so as to fulfill its purpose in all respects. The City argues that substantial compliance does not apply where the defect consists of an unsworn claim because the requirement that a claim be sworn to is a condition precedent in the absence of which the question of substantial compliance is not reached. Furthermore, the City contends that the statute in this regard does not permit degrees of performance; a claim is either sworn to or it is not.
In support of its arguments, the City cites City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841 (1918), in which an unsworn claim was held invalid. Suffice it to note that City of Birmingham v. Edwards, supra, was decided prior to the modern line of cases recognizing that substantial compliance so as to meet the purposes of the statute constitutes sufficient compliance.
The recent case of Herston v. Whitesell, 348 So.2d 1054 (Ala.1977), cited by Appellee, was a legal malpractice suit which did not directly address the issue before us here. The statement found in the majority opinion that “[t]he statute states that the claim has to be a sworn statement made by the injured party” is merely a statement of fact which is neutral on the question whether a standard of strict compliance, or one of substantial compliance, should apply. Although the Herston Court was not faced directly with this issue and, accordingly, did not address it, two members of this Court were prompted to file a special concurring opinion in which they emphasized that they did not wish to be understood as holding, in all circumstances, to a standard of strict compliance.
For the most part, the requirements for filing stated in the statute pertain to its notice function and purpose. Most of the statute’s text stipulates the precise information which will be needed by the City from the claimant in order to conduct an investigation into the merits of the claim, i. e., the place and time of the injury and the manner in which it occurred. The requirement that the claim be sworn to, however, is procedural in nature and provides no information useful to investigating the claim. As one explanation for its purpose, Appellee noted to the Court that the City would be without authority to issue a warrant to settle an unsworn claim. But this tends to beg the question in that the requisite oath could be obtained any time before payment in the event of settlement without litigation. We discern, instead, the legislature intended this requirement for the purpose of minimizing frivolous claims. Without this requirement, the City would have to investigate all claims, including the frivolous, in order to protect itself in the event of suit.
In the case before us, the record is without dispute that the City fully investigated Appellant’s claim and determined that it was without liability. The failure of the claim to be sworn to, therefore, in no way adversely affects the City’s ability to defend against the claim on its merits. We do not hold, however, that investigation of the claim constituted a waiver by the City of the statutory requirements; under the circumstances of this case, it merely rendered such requirements moot.
The City argues, in addition, that the claim here presented was fatally defective, in accordance with the literal terms of the statute, in that it did not specify the dollar amount of the damages claimed, but merely stated a general claim for recovery of “all medical expenses.” This exact issue was addressed in Perrine v. Southern Bitulithic Co., 190 Ala. 96, 66 So. 705 (1914):
“[T]he exact amount of damages in cases like this cannot be easily ascertained, and the court will not hold the parties to the same accuracy as to the amount that it will require where the damages are liquidated or easily ascertained. In fact, it is often impossible to know, even at the trial, what the exact amount of damages will be, even if all the facts be admitted. The law is reasonable, and does not require the doing of impossible or useless things. In some cases the only measure *MXLI of damages is ‘such as the jury may assess.’ The plaintiff, therefore, could not know in advance what this amount would be. To hold that the plaintiff, in all cases, must name the exact amount of his claim, and cannot recover at all if he claims in his complaint, or the jury: find, more or less than this exact amount, would prevent a recovery in many cases, even when the plaintiff did all that could be done, and did so with all proper diligence.” 190 Ala. at 98-99, 66 So. at 706.
Apart from the precedent established in Southern Bitulithic Co., supra, we find that Appellant’s claim substantially complied with this requirement and, therefore, was sufficient. Brasher v. City of Birmingham, supra; City of Montgomery v. Weldon, supra; Allbritton v. City of Birmingham, supra; Ray v. City of Birmingham, supra.
The final issue argued by the parties concerns whether this claimant, by law, is limited to recovery of just her medical expenses, as requested in her claim, or whether she may seek other damages as well. The City cites Southern Bitulithic Co., supra, in support of its position that claimant is so limited. In Southern Bitulithic Co., the claimant filed a claim with the city for $3,000; thereafter, however, he filed suit in which the amount of damages alleged was $5,000. The Court held that the variance was not so great as to entirely defeat recovery, but nevertheless limited the claimant to recovery of the amount stated in his original claim.
We note that Southern Bitulithic Co., a 1914 case, was decided prior to the line of recent cases which have liberally construed the statute to determine whether the claimant has so complied with its requisites as to serve its purpose. The holding in that case, therefore, was not based on a rule of substantial compliance; instead, it was grounded in general principles of equity which, as the Court then saw them, compelled an intermediate position between a full recovery and no recovery at all.
The equitable trade-off adopted by Southern Bitulithic Co. is no longer necessary if, in fact, the purpose of the statute has been met. We begin by observing that a plaintiff cannot present one claim, and then sue on another. Such a variance is fatal. See, e. g., Brannon v. City of Birmingham, 177 Ala. 419, 59 So. 63 (1912).
That, of course, is not the case here. Appellant does not seek to substitute one claim for another. She wishes merely to include all the damages arising from a single injury, which a claimant ordinarily is entitled to demand in a tort action. Again, we note that the City does not allege that it was in any way misled by claimant’s request for just medical expenses in her claim. Unlike the other information required under the statute, the requirement that a claimant state the amount of damages being sought does not call for an empirical statement of fact; rather, it is in the nature of an opinion or judgment as to what would satisfy the claimant in the settlement of the claim.
The City does not speculate as to the legislative purpose behind this requirement, and we venture only that it was intended merely to provide useful, though not essential, information which would give the City some idea, as early as possible, of the basis upon which a settlement might be reached. It is unlikely that the legislature intended to benefit the City by holding the claimant to an early and uninformed guess as to her damages. In any case, here, the City did not seek a settlement of Appellant’s claim by offering to pay her medical expenses. To the contrary, the City, after investigation, expressly denied liability for the claim. In view of this, we do not see how the City has been misled, or been inconvenienced in any way in the defense of this suit, by the variance between Appellant’s claim (seeking recovery of all her medical expenses) and her complaint (seeking full recovery for her personal injuries).
For the reasons stated above, the trial Court erred in dismissing the Plaintiff’s suit.
REVERSED AND REMANDED.
MADDOX and SHORES, JJ., concur.
*MXLII TORBERT, C. J., concurs in the result.
BEATTY, J., concurs specially.