BRADLEY, Judge.
On May 14, 1982 Jessie Norris, an inmate at Holman Prison, filed a complaint in the Jefferson County Circuit Court against two Birmingham policemen and the City of Birmingham. Norris alleged that he was arrested by the defendants and that the defendants took and converted certain articles of his personal property valued in excess of $4,000. He requested that the court order the defendants to return the property or pay him the value of this property.
The defendants, in a motion for summary judgment and in their answer, contended that plaintiff failed to allege in his pleadings compliance with a condition precedent to his filing a complaint against the city of Birmingham. They asserted that plaintiff is barred from bringing suit according to Title 62, section 659 of the 1940 Code of Alabama (Recompiled 1958), which states:
“No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn .statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides.”
This provision, the defendants assert, is still in effect by virtue of section 1-1-10, Code 1975, a savings provision for statutes applying to only one municipality.
The trial court granted defendant City of Birmingham’s motion for summary judgment and dismissed it as a defendant in the case. Norris appeals.
From our review of the record, we conclude that Norris did not comply with the statutorily mandated condition precedent to filing suit against the city of Birmingham. The plaintiff made no showing in his pleadings that he filed a claim with the city of Birmingham. He also failed to state in his pleadings the date on which the alleged injury occurred. Therefore the dispositive issue on appeal is whether the statute is applicable to a claim for conversion.
*1301 Our duty in interpreting a statute is to ascertain the intent of the legislature as expressed in the body of the statute and determine the state’s purpose and objective in enacting the statute. Shoemaker v. Atchison, 406 So.2d 986 (Ala.Civ.App.1981). In absence of statutory definition, commonly acceptable definition of a word must be applied. Rush v. Department of Revenue, 416 So.2d 1023 (Ala.Civ.App.1982). The purpose of this statute is to give the city an opportunity to investigate and adjust claims without the expense of litigation. Ray v. City of Birmingham, 275 Ala. 332, 154 So.2d 751 (1963).
All the cases interpreting the statute, so far, have involved claims for personal injury. We note, however, from the expressed language of the statute that this notice provision also applies to claims “for neglect or wrongful injury to personal property.” Injury is defined as “an act that damages or hurts ... violation of another’s rights for which the law allows an action to recover damages.” Webster’s Seventh New Collegiate Dictionary (1976); see also, United States Fidelity & Guaranty Co. v. Mayor’s Jewelers of Pompano, 384 So.2d 256 (Fla.App.1980). Conversion is the wrongful taking or wrongful detention or interference of another person’s property. Ott v. Fox, 362 So.2d 836 (Ala.1978). Thus conversion is a “wrongful injury to personal property” and a claim for such must be filed with the city before a suit for conversion can be commenced. The decision of the lower court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.