*De Wolf*, for defendant in Error.

---

Humphrey, a slave, *against* The State.

OPINION of the Court by Judge *Lipscomb.*

The prisoner was tried in the County Court of *Dallas* County on the 29th day of *April*, 1822, under the Laws of this State for the trial of slaves charged with capital offences, and convicted of burglary. He appealed to this Court.

Before we can enquire into the merits of the case, a question of much importance forces itself on our consideration. Has this Court jurisdiction of a criminal cause coming before it by appeal?

By the 2d sec. 5th Art. of the Constitution of the State, "The Supreme Court, except in cases otherwise directed "by this Constitution, shall have appellate jurisdiction only, "which shall be co-extensive with the State, under such re- "strictions and regulations not repugnant to this Constitu- "tion as may from time to time be prescribed by Law." It is believed that under the authority here given, this Court could not entertain an appeal from an inferior jurisdiction in any case until the Legislature had provided the mode of exercising such jurisdiction.

Pursuant to what seems to have been required by the Constitution, the Legislature, at the first session after its adoption,

passed an Act regulating appeals from the Circuit Courts to this Court.(*a*)

A subsequent Statute reorganizing the County Courts, passed in *June*, 1821, (*b*) provides that from any judgment final of the County Court, an appeal shall lie to the Supreme Court in the same manner as upon judgments of the Circuit Courts.

From the expressions used in the commencement of the Act of 1819 it might with some plausibility be contended, that appeals could be taken as well in criminal as in civil cases. But it is believed that the whole section taken together forbids such latitude of construction. The terms used so frequently in the Act, such as *Debt* and *Damages*, the condition on which the right of appeal shall accrue " upon entering into " Bond with security to be approved by the Court, in dou- " ble the amount of the Debt or Damages—for prosecuting " the same with effect, or performing the judgment, sentence " or decree which the Supreme Court shall pass or make " thereon"—are peculiarly appropriated to civil, and not at all applicable to judicial proceedings in criminal cases.

This seems to have been the construction given by the Supreme Court of the United States to similar expressions in the Act of Congress.(*c*)

In the case referred to, as in this, the jurisdiction of the Court was not controverted by either of the parties. The objection came from the Court. Consent cannot give jurisdiction. The Statutes of this State have provided but one way in which a criminal case can come before this Court. In cases of novelty and difficulty, the Circuit Court, after the rendition of final judgment or sentence, can refer the question of Law to the Supreme Court.

The appeal in this case must be dismissed for want of jurisdiction.

For the purpose of obviating an unnecessary application on one of the points relied on by the Counsel for the prisoner, it may be well to observe, that the Court have no doubt but the case was cognizable in the County Court; and that all the jurisdiction and duties that could be required of the Justices of the County Court collectively or individually, devolved on the Judge of the County Court, on its new organization, under the Act of *June*, 1821.

<div style="margin notes">

JUNE, 1822.

Humphrey, a Slave,
v.
The State.

(*a*) *Act of* 1819. *L. A.* 167, 168, S. 16.
(*b*) *L. A.* 199, *sec.* 23.

(*c*) 3 *Cranch*, 173. *U. States vs. Moore.*