231 So.2d 896

**KOPPERS COMPANY, Inc.**

v.

**GULF WELDING AND CONSTRUCTION INC. et al.**

I Div. 555.

Supreme Court of Alabama.

Feb. 19, 1970.

Inge, Twitty, Duffy & Prince, Mobile, for appellant.

**332**

No brief filed, for attorney.

HARWOOD, Justice.

John W. Lowery filed a complaint in the Circuit Court of Mobile County against Koppers Company, Inc. A jury trial was demanded.

As finally amended the complaint contained four counts, and demurrers were overruled to Counts 1, 2, and 3, and sustained as to Count 4.

The three counts as to which demurrers were overruled allege that Lowery was an employee of Gulf Welding and Construction, Inc., which was a sub-contractor of Koppers; that Koppers was engaged in erecting a paper mill near Prattville, Alabama, and Gulf Welding was employed as a sub-contractor by Koppers to erect precipitators at the plant from materials supplied by Koppers.

The counts respectively further aver that Koppers negligently failed to inspect some of the materials delivered to Gulf Welding resulting in improper securing of part of the materials (Count 1), or that Koppers negligently packed some of the materials which as a consequence were improperly secured (Count 2), or negligently failed to secure some of the materials delivered to Gulf Welding (Count 3).

Each count avers that as a proximate result of the negligence as asserted in the respective counts, the plaintiff (Lowery) was injured, his physical injuries, and certain special damages being catalogued. Damages of $300,000 were claimed.

After the demurrers were overruled as to Counts 1, 2, and 3, Koppers filed three pleas to the complaint, as last amended. Pleas 1 and 2 were in effect pleas of the general issue, and plea 3 asserted that Lowery's injuries were the proximate result of his own negligence.

Apparently at the same time, Koppers filed a "Motion for Leave to Bring in Third Party Defendant." Both the pleas and the motion for leave, etc., are marked "Filed on October 19, 1967, 4:08 P. M."

A copy of Lowery's complaint against Koppers and a copy of the contract between Koppers and Gulf Welding were attached to the third party complaint as exhibits thereto, and a jury trial was demanded on the third party complaint.

A copy of the third party complaint and exhibits attached thereto was served on Gulf Welding on 24 October 1967.

However, the record shows the following order entered by the court on 17 November 1967:

"In open Court on this day, on motion of defendant's attorney: It is ordered and adjudged by the Court that defendant, Koppers Company, Inc's (sic) motion filed October 19, 1967, for Court to allow it to make Gulf Welding & Construction Company, Inc., a Corporation, third party defendant in this action be, and the same is hereby withdrawn."

Nevertheless on 21 November 1967, Gulf Welding, appearing specially, and as third party defendant, filed a document labeled "Plea in Abatement." This plea was based on six grounds, which raise the point that the third party complaint fails to assert facts upon which Gulf Welding might be liable, and that the third party cause of action sought by Koppers is not within the purview of Act 854 adopted by the Alabama Legislature during its Regular Session in 1965, which Act may be found as Article 11A, Secs. 259(1)–259(3), Title 7, Code of Alabama 1940 (Pocket Part). Said Article 11A pertains to cross-claims and third party practice. It was also prayed that the third party summons and complaint be quashed, and the cause abated.

Koppers filed a demurrer to the plea in abatement on 28 March 1968. On 30 May 1968, the demurrer was overruled, following which a hearing was had on the plea in abatement and the court entered an order on the same day, i. e., 30 May 1968, sustaining the plea, dismissing the third party complaint, and decreed that Gulf Welding "go hence without day, and have and recover of the third party plaintiff (Koppers) all costs in this cause created for recovery of which let execution issue." (Par. our.)

Thereafter Koppers filed a motion to have the court reconsider its order sustaining the plea in abatement, asserting that by such order Koppers was denied its right to a jury trial on said plea, which had been demanded on the third party complaint.

After a hearing the court denied the motion for reconsideration, with an opinion, on 11 July 1968.

Koppers then filed a motion for rehearing which was denied 5 September 1968.

Thereafter Koppers filed an appeal from the orders of 30 May 1968, and 11 July 1968, and also filed in this court petitions for a writ of mandamus in the alternative directed to Hon. Will G. Caffey, as Judge, commanding him to reinstate the third party complaint, or show cause why he should not so do.

Counsel for Koppers state that this dual procedure was followed in that it was unclear as to what procedure should be used in order to have the matter reviewed.

In brief counsel for appellant contends that the court erred in abating the third party complaint in that Koppers was thereby deprived of a jury trial on the plea in abatement, and of its right to indemnity by Gulf Welding under the contract between Gulf Welding and Koppers, should Lowery recover a judgment against Koppers in his suit against Koppers. Counsel further contends that the court erred in its orders of 30 May 1968, and 11 July 1968, in holding that the third party complaint did not state a cause of action within the purview of Act 854, above mentioned.

We do not consider that any of these points are before us for the reasons hereinbelow set out.

As before stated, the third party proceedings were ordered withdrawn *on Koppers' motion* on 17 November 1967. From that time on Gulf Welding was out of this case.

For this reason we are baffled by the proceedings processed subsequent to the order withdrawing the third party complaint, namely, the plea in abatement, the motion for reconsideration, the motion for

rehearing, etc., and the orders entered pursuant to such proceedings. The childrens' jingle, "King William was King George's son, And from the royal race he run" would seem fit to describe these procedural maneuvers subsequent to the removal of the third party proceedings.

 Jurisdiction is always fundamental, and if there is no jurisdiction over the person, and over the subject matter or cause of action, there is no power in the court to act. Norton v. Liddell, 280 Ala. 353, 194 So.2d 514; B. F. Goodrich Co. v. Parker, 282 Ala. 151, 209 So.2d 647. Jurisdiction over subject matter cannot be conferred by consent of the parties. Humphrey v. State, 1 Minor 64; Ex parte Phillips, 231 Ala. 364, 165 So. 80; City of Huntsville v. Miller, 271 Ala. 687, 127 So.2d 606.

The third party proceedings were injected into this case by Koppers. They were removed therefrom on Koppers' motion. Thereafter there was no jurisdiction in the court to consider this facet of the case.

The court did, however, sustain the plea in abatement filed to the third party complaint and make other rulings to the same end. These orders and rulings were functus officio and of no legal significance, the matter not then being before the court. Even so, the orders which in effect abated the third party complaint merely accorded to Koppers' action in withdrawing the same. Having withdrawn the third party complaint, we can conjure up no reason why Koppers should now consider itself in position to complain of the very result it invited by its motion of withdrawal which was granted by the court.

Since in our opinion the orders of 30 May 1968, and 11 July 1968, are void, no appeal from the orders could be had. It would therefore appear that the attempted appeal in this case should be dismissed.

The petition for a writ of mandamus in the alternative is likewise due to be denied for the reasons set forth above.

Appeal dismissed; petition for writ of mandamus in the alternative denied.

LAWSON, SIMPSON, MERRILL and MADDOX, JJ., concur.