514 So.2d 933 (1987)
Lela GARRARD
v.
Virgil Odis LANG, Administrator of the Estate of Barney Garrard, Deceased.
85-1502.
Supreme Court of Alabama.
September 18, 1987.
William H. Atkinson of Fite, Davis, Atkinson and Bentley, Hamilton, for appellant.
Roger H. Bedford, Sr. of Bedford, Bedford & Rogers, Russellville, for appellee.
ADAMS, Justice.
This is the second time this case has been before this Court. See Garrard v. Lang, 489 So.2d 557 (Ala.1986). This second appeal is from a judgment on remand wherein the trial court entered an award for exempt property and elective share to appellant Lela Garrard, but failed to award her a homestead allowance. The trial court also granted appellee Virgil Lang's motion for a set-off for monies paid by Lang to Garrard's *934 sons. These payments were allegedly made in consideration of the sons' agreements not to contest the will.
This is the second time this case has been before the Court on appeal. Lela Garrard (hereinafter "Garrard") was the wife of Barney Garrard, deceased. When Barney Garrard died, he left his wife and two sons $10.00 each, and left the remainder of his estate to his nephew Virgil, and Virgil's wife, Annie Lois Lang. The estate consisted of $14,051.61, and a 1975 Ford Torino automobile. Lang took possession of the assets and distributed them as directed in the will.
After the distribution, Lang paid the sons $3,000.00, and paid Mrs. Garrard $1,000.00. Lang asserts that all parties agreed that those payments would satisfy any claims they might have against the estate. Garrard maintains that she had no knowledge as to why the money was distributed and that she made no agreement concerning it. Other than the checks Lang wrote, there is no record of the transaction.
At the first adjudication, the trial judge found that Garrard was not entitled to an elective share, homestead allowance, or exempt property allowance. We reversed and remanded the cause for a determination of the appropriate elective share, homestead, and exempt property allowances due Garrard. 489 So.2d 557.
The trial court then entered an order, after receiving no new evidence, allowing Garrard $4,294.43 as her elective share and $3,500.00 exempt property allowance. The court also entered a $1,010.00 set-off for amounts previously paid to Garrard by Lang. Lang made a motion to increase the set-off by $3,020.00, to include the amount he had paid to Garrard's sons. Garrard made a motion for the court to award her a $6,000.00 homestead allowance. The trial court granted Lang's motion and denied Garrard's. Garrard appeals, asking for a $6,000.00 homestead allowance and asking that the $3,020.00 set-off awarded against her claims be reversed.
The relevant statutes are clear. Homestead allowance is awarded irrespective of a surviving spouse's decision to take an elective share. Alabama Code (1975), § 43-8-74. A surviving spouse, of a decedent who was domiciled in Alabama, is entitled to $6,000.00 as a homestead allowance, which is exempt from and has priority over all other claims. Homestead allowance is in addition to any other share passing to the spouse. Alabama Code (1975), § 43-8-110.
Prior to the adoption of the new Probate Code, the homestead allowance could be drawn only from real property in the estate. Alabama Code (1958), Title 7, § 661, Jaffrey v. McGough, 88 Ala. 648, 7 So. 333 (1889). We now hold that under the new Probate Code, the homestead allowance may be drawn from personal property or realty. In today's society, where many people never own real estate, the narrow definition embodied in the older statute and cases defeats the purpose of the exemption. Uniform Probate Code Practice Manual 57 (R. Wellman ed. 1972).
Appellee Lang contends that solvency of an estate has a negative effect on the surviving spouse's right to take a homestead allowance and an exempt property allowance in addition to an elective share. This is a misreading of the statutes. The rights to elective share and exemptions are not tied to solvency.
Appellee further argues that this Court's failure in its earlier opinion to specify amounts for the elective share and exemptions was an indication that the trial court should use its discretion in determining those amounts. The amounts to be distributed are stated clearly in the statutes: one-third of the estate for the elective share, Alabama Code (1975), § 43-8-70; $3,500.00 for exempt property, § 43-8-111; and $6,000.00 for the homestead allowance, § 43-8-110. The trial court erred when it calculated Garrard's elective share as being one-third of the gross estate. The gross estate should have been reduced by the homestead and exempt property allowances prior to calculation of Garrard's elective share.
Lang again argues that Garrard, in accepting her check for $1,010.00, waived the claims that she asserts in this case. This *935 issue was decided in the earlier appeal. Garrard v. Lang, 489 So.2d 557 (Ala.1986). At that time, we found that there was no informed waiver. By definition, waiver requires that the right relinquished be a known right. When a party relinquishes such a right, he or she does so "with full knowledge of the material facts." "Waiver," Blacks Law Dictionary, (5th ed. 1979). We have stated that waiver is a voluntary relinquishment of a known right or benefit. City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967). Since we have previously determined that Garrard was unaware of the benefits she was relinquishing, we must conclude that there was no valid waiver.
Furthermore, the $3,020.00 Lang claims as a set-off against Garrard's rights of elective share, homestead, and exempt property allowances, was paid not to her, but to her sons, who are not parties in this action. The trial court exceeded its jurisdiction, therefore, in attempting to grant relief against Garrard. The proper parties, Garrard's sons, were never joined in the action. Hoppers Co. v. Gulf Welding & Const., Inc., 285 Ala. 331, 231 So.2d 896 (1970).
We find that Garrard was entitled to an elective share, homestead allowance, and exempt property allowance. The elective share is determined after homestead and exempt property allowance have been subtracted from the gross estate. Furthermore, Lang had no claim against Garrard for a $3,020.00 set-off against money paid to her sons. We, therefore, reverse the judgment and remand this cause for further proceedings.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES and SHORES, JJ., concur.
BEATTY, J., concurs specially.
BEATTY, Justice (concurring specially):
I write specially to point out that the authority for this Court's holding that the elective share is to be determined after the homestead allowance and exempt property have been deducted from the decedent's gross estate is found in the language of the pertinent statutes, to-wit:
"§ 43-8-74
"A surviving spouse is entitled to homestead allowance, exempt property, and family allowance, whether or not he elects to take an elective share."
"§ 43-8-110
"... The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is in addition to any share passing to the surviving spouse...."

(Emphasis added.)
"§ 43-8-111

"... Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance. These rights are in addition to any benefit or share passing to the surviving spouse ... by way of elective share." (Emphasis added.)