KENNEDY, Justice.
This is the second appeal by Billie M. Barksdale, the executor of the estate of Elton M. Barksdale, deceased. In the first appeal, we affirmed the judgment of the trial court insofar as it granted Ms. Ruby Barksdale, the widow, an elective share of the estate; however, we modified the judgment to the extent that it was based upon an erroneous mathematical calculation. See Barksdale v. Barksdale, 551 So.2d 1006 (Ala.1989). We denied the executor’s application for rehearing.
. Because the first two issues raised in this appeal are not properly before this Court, we pretermit discussion of them here. See Glasscock v. Wallace, 488 So.2d 1346 (Ala.1986).
The executor’s final contention is that the trial court, in its order following our remand for the court to correct its mathematical calculation, should not have awarded interest to the widow because our first opinion affirmed the trial court’s judgment as modified rather than reversing it or dismissing the appeal.
Rule 37, A.R.App.P., states:
“Unless otherwise provided by law, if a judgment for money in a civil case is affirmed or the appeal is dismissed, whatever interest is provided by law shall be payable from the date the judgment was entered in the trial court. If a judgment is modified or reversed with the direction that a judgment for money be entered in the trial court, the certificate of judgment shall contain instructions with respect to allowance of interest.” (Emphasis added.)
The judgment of the trial court that led to the first appeal in this case awarded money in favor of the widow, with interest added thereto. We modified the trial court’s judgment only to the extent that the mathematical calculations used in arriving at the value of the estate were erroneous. Our opinion did not disturb that part of the judgment that awarded Ms. Barks-dale interest on her elective share of the decedent’s estate.
Based on the foreging, we hold that although in our first opinion we did not instruct the trial court with respect to the allowance of interest, the trial court’s order on remand allowing interest was properly entered. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ„ concur.