L. CHARLES WRIGHT, Retired Appellate Judge.
Marshall Norfleet died testate on August 20,1992, leaving a will by which he devised a life estate in his real and personal properties to his widow, Ethel Norfleet, and the remainder interest to his children. The children are not the children of the widow. The will contained no provision disallowing the widow the right to homestead allowance, exempt property allowance, or family allowance.
Rosie Kynard, the decedent’s daughter, was named executrix of the estate. On September 23, 1992, the will was offered for *632 probate. The widow filed a claim for homestead allowance, pursuant to § 43-8-110, Code 1975; for exempt property allowance, pursuant to § 43-8-111, Code 1975; and for family allowance, pursuant to § 43-8-112, Code 1975. The widow also petitioned the court for her elective share.
The will was admitted to probate and let- . ters testamentary were granted to the executrix. The probate court ordered a hearing on the widow’s petition. The executrix of the estate had the action removed to the circuit court. The widow refiled her claim for homestead allowance, exempt property allowance, and family allowance. She also filed a petition to have the real and personal properties of the decedent set apart to her as exempt.
The matter went to trial in the circuit court on the widow’s petition to have the real and personal properties of the decedent set apart to her as exempt. The circuit judge, on his last day in office, denied the widow’s petition.
The widow subsequently filed a motion for a new trial or, in the alternative, a motion to alter, amend, or vacate the judgment. The previous judge’s successor entered an order setting aside the original judgment and ordered, on agreement of the parties, that the matter be submitted for a judgment on the pleadings, the briefs, and the testimony previously taken.
Following submission, the circuit court found that the widow was entitled to the homestead allowance, the exempt property allowance, and the family allowance. The trial court further found that the decedent’s one-half interest in the marital real estate, plus all his other assets, did not exceed the allowances due the widow under the provisions of §§ 43-8-110 through -113, Code 1975. The circuit court, therefore, awarded all the property, real and personal, to the widow in fee simple as part of the allowances provided by statute.
The decedent owned the following assets at the time of his death: (1) an undivided one-half interest in 15 acres of land, on which the marital residence was located and which the decedent owned as a tenant-in-common with his wife; (2) a 1980 Chevrolet pickup truck, in the son’s possession, with a value of zero; (3) a 1946 tractor, valued at $700, with an outstanding indebtedness in the amount of $850; (4) seven head of cattle, which the decedent sold to his son for the sum of $3,600, to be paid after the decedent’s death; (5) a bull, given to the widow during the decedent’s lifetime, which was sold after his death for $300; and (6) a one-half interest in a negligible amount of furniture and household goods.
Rosie Kynard, as executrix of the estate, appeals and initially asserts that the trial court erred in awarding a homestead allowance to the widow. Kynard asserts that this was contrary to the intent of the decedent because, she says, the decedent left to the widow only a life estate in his one-half interest to the 15-acre parcel of property.
The executrix cites no authority to support her proposition. We note, however, that § 43-8-110 (the homestead allowance) provides that the allowance “is in addition to any share passing to the surviving spouse ... by the will of the decedent unless otherwise provided in the will, by intestate succession or by way of elective share.” Garrard v. Lang, 514 So.2d 933 (Ala.1987).
The executrix next asserts that the trial court erred in not allowing her the opportunity to purchase the homestead, pursuant to § 6-10-99, Code 1975.
The record is devoid of any offer to that effect. Under these circumstances, the trial court cannot be found in error.
The executrix asserts that the amount awarded to the widow as a family allowance was arbitrarily set and bears no relationship to any of the evidence.
The commentary to § 43-8-112, Code 1975, states that the reasonableness of the allowance “must be decided on the basis of the facts of each individual case.” We have reviewed the evidence before the trial court, including the transcript of the original hearing, and find the family allowance to be supported by that evidence.
The executrix further asserts that the trial court erred in ascribing a monetary amount to satisfy the exempt property stat *633 ute. She cites no authority to support this proposition. We, therefore, decline to address it. Harris v. Harris, 528 So.2d 866 (Ala.Civ.App.1988).
The executrix argues that it was error for the trial court to disregard the original trial court’s order that “charged $2,000 against the homestead allowance as provided under Article X Section 205 [Constitution of Alabama] .... ”
This argument is without merit. The trial court set aside the original judgment. Therefore, it was not bound by that judgment.
The executrix finally asserts that the trial court erred in failing to resolve the widow’s petition for elective share before awarding the homestead allowance, the exempt property allowance, and the family allowance.
The executrix fails to cite any authority to support her assertion. We, therefore, decline to address it. Harris.
This case is before us pursuant to § 12-2-7(6), Code 1975.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, and MONROE, JJ., concur.