Marion Brakefield, as executrix of the estate of Alfred Marion Hocutt, appeals *Page 1166 
from the circuit court's determination of the amount of the surviving spouse's elective share and its award of a family allowance to the surviving spouse. Because we hold that the circuit court erred in the manner in which it calculated the elective share, but did not abuse its discretion in awarding a family allowance, we affirm in part, reverse in part, and remand.
 I.
Alfred Marion Hocutt died in February 1998. He left a will, dated January 1991, in which he named his daughter, Marion Brakefield, as executrix of his estate, and in which he attempted to provide for his wife, Bertie Hocutt, primarily through a marital trust to be funded by estate assets in excess of the amount of the decedent's unified credit under 26 U.S.C. § 2010(c). At the time of his death, however, the estate was insufficient to fund the marital trust. Therefore, Mrs. Hocutt claimed her elective share of his estate. See Ala. Code 1975, § 43-8-70. She also exercised her rights to a $6,000 homestead allowance, see Ala. Code 1975, § 43-8-110, and $3,500 in exempt property, see Ala. Code 1975, § 43-8-111, and sought and received a family allowance of $6,000, the maximum allowable amount, see Ala. Code 1975, §§ 43-8-112, -113.
The circuit court calculated Mrs. Hocutt's elective share by deducting the homestead allowance, exempt property, and family allowance from the gross amount of Mr. Hocutt's estate, then dividing that amount by three. See Ala. Code 1975, § 43-8-70(a) ("[T]he elective share shall be the lesser of: (1) All of the estate of the deceased reduced by the value of the surviving spouse's separate estate; or (2) One-third of the estate of the deceased."). Thus, in calculating Mrs. Hocutt's elective share, the circuit court did not take into consideration any of the other claims against the estate.
 II.
Brakefield argues that in addition to the homestead allowance, exempt property, and family allowance, the circuit court should have deducted the allowable claims against the estate before determining Hocutt's elective share. We agree. As this Court explained in Barksdale v. Barksdale, 551 So.2d 1006 (Ala. 1989), the proper method of calculating the surviving spouse's elective share is to deduct the homestead allowance, exempt property, family allowance, "and allowed claims against the estate" from the decedent's total estate, then divide the remaining amount by three. 551 So.2d at 1008. To hold otherwise would exempt the surviving spouse's elective share from, and give it priority over, the claims of creditors and other allowable claims against the estate, notwithstanding that the statute providing for the elective share, unlike the statutes providing for the homestead allowance,[1] exempt property,[2] and family allowance,[3] does not manifest an intention to do so. See Ala. Code 1975, § 43-8-70(a).
Mrs. Hocutt, relying on Garrard v. Lang, 514 So.2d 933 (Ala. 1987), argues that her elective share has priority over, and is exempt from, the allowable claims against the estate. In Garrard, this Court stated in dictum that "[t]he rights to elective share and exemptions are not tied to solvency." 514 So.2d at 934. While it is true that a surviving spouse has the right to claim an elective share of the estate of his or her deceased spouse, irrespective of the financial status of the estate, the value of the surviving spouse's elective share can be zero where the estate does not have *Page 1167 
sufficient assets to satisfy the allowable claims.
 III.
Brakefield argues that the circuit court abused its discretion in awarding Mrs. Hocutt a family allowance. We disagree. The personal representative may award a surviving spouse "a reasonable allowance in money out of the estate for [her] maintenance during the period of administration." Ala. Code 1975, § 43-8-112. If the personal representative refuses to award a family allowance, then the aggrieved party may seek relief from the court. See Ala. Code 1975, § 43-8-113. The circuit court's award of a family allowance will be affirmed unless there is no evidence to support the award. See Kynard v. Norfleet,681 So.2d 631 (Ala.Civ.App. 1996). Mrs. Hocutt testified that she had had substantial expenses, including medical expenses and home-care expenses relating to the amputation of one of her feet and problems with the other. Although Mrs. Hocutt did have independent sources of income, we cannot conclude that the circuit court abused its discretion in awarding her a family allowance.
 IV.
Because the circuit court erred in determining the amount of Mrs. Hocutt's elective share, we reverse that portion of the circuit court's judgment. Because the circuit court did not abuse its discretion in awarding Mrs. Hocutt a family allowance, we affirm that portion of the circuit court's judgment. We remand the case for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
Hooper, C.J., and Maddox, Houston, Lyons, Brown, Johnstone, and England, JJ., concur.
[1] "The homestead allowance is exempt from and has priority over all claims against the estate." Ala. Code 1975, § 43-8-110.
[2] "Rights to exempt property . . . have priority over all claims against the estate . . . ." Ala. Code 1975, § 43-8-111.
[3] "The family allowance is exempt from and has priority over all claims but does not have priority over the homestead allowance." Ala. Code 1975, § 43-8-112.