195 So.2d 110

## CITY OF MONTGOMERY

v.

## Loyal WELDON.

3 Div. 221.

Supreme Court of Alabama.

Feb. 9, 1967.

464

Thos. F. Parker, Montgomery, for appellant.

Rushton, Stakely & Johnston, Jas. Garrett, Chas. A. Stakely, Jr., and N. T. Braswell, III, Montgomery, for appellee.

**MERRILL, Justice.**

This is an action for damages for personal injuries sustained by Loyal Weldon as a proximate result of the negligent maintenance by the City of Montgomery of a sidewalk. From a verdict and judgment of $7,500 returned by the jury, the city has perfected the instant appeal.

The facts are substantially as follows: On June 5, 1963, the plaintiff, while walking on Molton Street in downtown Montgomery, tripped or stumbled upon a defective sidewalk. He suffered serious back injuries and was admitted to a local hospital for twenty-three days—the first of three lengthy hospital visits. On the same day the plaintiff was injured, his wife called an official of the city and told him of the defective sidewalk and the accident. The city sent its repair crew to the place of the injury, barricaded the dangerous portion of the sidewalk and within two days had placed the sidewalk in repair.

Approximately two weeks after the fall, and before any other notice of the accident or claim of any kind was made to the city, an insurance adjuster, Mr. Harold McGlynn, Jr., entered the case on behalf of the defendant. In Mr. McGlynn's own words, "I went by shortly after we got the assignment and just for a few minutes let him know that I was the adjuster on the case."

This visit, the first of many, was the beginning of a warm acquaintanceship with the plaintiff and his wife, in which Mr. McGlynn displayed a friendly, sympathetic, and helpful attitude. A spirit of cooperation was created between the parties and a relationship of confidence was spawned.

A few days after the plaintiff was released from his initial hospitalization, Mr. McGlynn advised that written notice was required to perfect a claim against the city. Following these directions and in an obvious attempt to develop his claim, the plaintiff wrote to Mayor Earl James on July 18, 1963, presenting in detail the facts of his injury. On the following day, the plaintiff received a letter from Mr. Silas Cater, City Clerk, who was acting under the express instructions of Mayor James. A part of the last mentioned letter is as follows:

"* * * the matter is being handled by Mr. Harold McGlynn, Jr., adjuster. I am advised that you have not yet fully recovered from your injuries and for this reason Mr. McGlynn has not been able to negotiate a settlement with you.

"Both Mayor James and I deeply regret the accident and that you have been caused so much suffering.

"Mayor James has been called away from his office to-day and he has instructed me to write you this letter."

This letter, written by the City Clerk at the behest of the Mayor of Montgomery expressed that Mr. McGlynn was "handling" the claim on behalf of the city and was to negotiate a settlement for the plaintiff's injuries. It treats as conceded that the requirements of the plaintiff's claim had been met.

During the six-month period and longer following the accident, and after many visits, suggestions and directions, Mr. McGlynn assured the plaintiff and his wife that all was well; that they had done all necessary to perfect and complete the claim. He further assured them that there was no need to consult a lawyer, but not to let a year pass before reaching a settlement. A few days before the year was out, the city offered to settle for $2,500. This was refused by the plaintiff and he hired an attorney who filed suit the day before the one year statute of limitations would run.

The complaint so filed did not allege compliance with Tit. 37, § 504, Code 1940, which reads as follows:

"No recovery shall be had against any city or town, on a claim for personal injury received, unless a sworn statement be filed with the clerk, by the party injured, or his personal representative, in case of his death, stating substantially the manner in which the injury was received, and the day and time, and the place where the accident occurred, and the damages claimed."

And by virtue of Tit. 37, § 476, Code 1940, there is a six months limitation in which claims of this nature may be presented to the city. Of course, it was now too late to comply with § 476.

The rule is quite well established that compliance with § 504 is a condition precedent to the bringing of an action against a municipal corporation and, as such, compliance with the section must be both alleged in the complaint and proven. City of Birmingham v. Weston, 233 Ala. 563, 172 So. 643, 109 A.L.R. 970; Dixon v. City of Mobile, 280 Ala. 419, 194 So.2d 825.

The plaintiff could not satisfy the requirements of § 504, even though he had sent a letter to city officials detailing the accident and his injuries, principally because he had not stated the amount of damages claimed and had not sworn to the statement. The city, by way of demurrer, raised the non-compliance. The plaintiff amended his complaint setting forth many of the facts already stated in this opinion, facts which we think clearly show an estoppel. To the complaint as amended, the defendant's demurrer was overruled. This ruling by the lower court, and its refusal to give the affirmative charge without hypothesis because of the failure to allege and prove compliance with § 504, are assigned as error by the defendant.

The sole issue may be stated as follows: whether a municipality may actively mislead a citizen who was injured on its streets by its negligence, by representing to him that his claim is sufficiently filed and perfected, and by urging him not to hire an attorney or to take any further action for a year; and, after having led him into error, successfully set up his failure to strictly comply with the statutory requirements of a verified claim within six months, reciting the dollar amount of the claim.

This court, in Ellison v. Butler, 271 Ala. 399, 124 So.2d 88, quoted 19 Am.Jur., Estoppel, § 34, wherein equitable estoppel is defined as the principle of law "by which a party who knows or should know the truth is absolutely precluded, both in law and in equity, from denying, or asserting the contrary of, any material fact which, by his words or conduct, affirmative or negative, intentionally or through culpable negligence, he has induced another, who was excusably ignorant of the true facts and who had a right to rely upon such words or conduct, to believe and act upon them thereby, as a consequence reasonably to be anticipated, changing his position in such a

way that he would suffer injury if such denial or contrary assertion were allowed." Placing the facts of the case at bar in juxtaposition with this definition, the conclusion is inescapable that here is an instance where the doctrine must be invoked.

■ There are also two other reasons for applying the doctrine of estoppel: (1) the purpose of the statute has been fulfilled, and (2) the principle of estoppel has been applied in the past against a municipality. With respect to (1) above, the cases of City of Bessemer v. Barnett, 212 Ala. 202, 102 So. 23; Smith v. City of Birmingham, 243 Ala. 124, 9 So.2d 299; City of Birmingham v. Young, 246 Ala. 650, 22 So.2d 169; and City of Anniston v. Rosser, 275 Ala. 659, 158 So.2d 99, are authority that the purpose of § 504 is to apprize the city of the accident so it may investigate and determine the merit of the claim, and to adjust the same without the expense of litigation if the circumstances warrant. Here, the defendant was notified of the accident the very day it occurred and repaired the sidewalk within two days. It maintained close contact with, and received cooperation from Mr. Weldon from the time of his accident until suit was filed. Clearly, the purpose of the statute was fulfilled. As for (2) above, this court has applied the doctrine of estoppel in the cases of Powell v. City of Birmingham, 258 Ala. 159, 61 So.2d 11, and Brown v. Tuskegee Light & Power Co., 232 Ala. 361, 168 So. 159, which were suits against municipal corporations. Although estoppel is not often applied to a municipality, it may, in a proper case, be estopped.

The doctrine of estoppel was applied by the Supreme Court of Florida where the claimant against the town relied on statements of the town's adjuster and did not file the required notice. Rabinowitz v. Town of Bay Harbor Islands, Fla., 178 So.

2d 9. Texas cases have also applied the doctrine of estoppel. See Cawthorn v. City of Houston, Tex.Com.App., 231 S.W. 701; Simpson v. City of Abilene, Tex.Civ. App., 388 S.W.2d 760.

The appellant city cites McCall v. City of Birmingham, 234 Ala. 164, 174 So. 630; Grambs v. City of Birmingham, 202 Ala. 490, 80 So. 874, and Downs v. City of Birmingham, 240 Ala. 177, 198 So. 231 for the proposition that a municipality cannot waive the filing of the notice required by Tit. 37, § 504.

■■ We are not here concerned with waiver but with estoppel. "Waiver is voluntary surrender or relinquishment of some known right, benefit or advantage; estoppel is the inhibition to assert it." Black's Law Dictionary, Fourth Edition. We are convinced that the facts set up in the amended complaint constitute estoppel and not waiver.

We are not holding that the provisions of § 504 are no longer applicable or required; or that a municipality can waive the requirements of that section; but we do hold that the city, in this case, through its officials and its adjuster, did those things, all alleged in the amended complaint, which caused the injured citizen to rely, to believe, to act, and to change his position in such a way that he would suffer injury if such a defense were allowed to nullify a recovery for the injuries, the scope of which were known to the city, as well as the place and the type of the defect in the sidewalk which was immediately repaired.

Affirmed.

LIVINGSTON, C. J., and LAWSON and HARWOOD, JJ., concur.

COLEMAN, J., dissents.