The question before us in this case is whether failure to file a claim with the City Clerk of Birmingham, as required by Tit. 62, § 659, Code, under any set of circumstances, is fatal to the pursuit of negligence actions against the City. We hold it is not and reverse summary judgments in favor of the City.
Plaintiffs, the Brashers, filed suits against the City of Birmingham for damages on account of injuries allegedly received by Mrs. Brasher in a fall on a City sidewalk on 26 December 1974. In spite of the clear language of the statute, the lawyer filed notices of the claims against the City March 25, 1975, with the Mayor's Office, along with a request that the Mayor forward such notices to the City's Legal Department. Plaintiffs filed suits October 3, 1975. The cases proceeded until this year when the City's motions for summary judgments were granted and judgments entered accordingly.
The pertinent statute states:
 "No suit shall be brought or maintained * * * against the city on a claim for personal injury * * * unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto * * *"
Compliance with the provisions of this statute is a condition precedent to bringing suit. But, it is sufficient if there is substantial compliance, and the statute will be liberally construed in an effort to determine whether a claimant has so complied with its requisites as to serve the purpose of the statute. Allbritton v. City of Birmingham, 274 Ala. 550,150 So.2d 717 (1963).
Its purpose is to provide sufficient notice so that the City has an opportunity to investigate the claim, prepare its defenses or negotiate a settlement. Ray v. City of Birmingham,275 Ala. 332, 154 So.2d 751 (1963). In another case, City ofMontgomery v. Weldon, 280 Ala. 463, 195 So.2d 110 (1967), the claimant failed to file a sworn statement with the city clerk, but instead, wrote a letter to the mayor informing him of the claim. Although that case differs from the present one in that it went off on an estoppel theory when it was shown that the city had actually mislead claimant as to the sufficiency of his notice, it is authority for us to say that compliance with the statute as to with whom notice was filed may not be subject to a test of technical accuracy. In keeping with the purpose of the statute, plaintiffs should be permitted to develop facts which would indicate the City did have benefit of notice; therefore there was either substantial compliance with the statute or the City is estopped to deny there was.
When the Brashers' attorney filed an affidavit showing that notice of claim was given the Mayor's Office, with a copy to the City's Legal Department, no additional matter was presented by the City, as movant, to show there was no genuine issue of a material fact and it was entitled to judgment as a matter of law. No additional facts were shown that would preclude the Brashers' right to recover under a cognizable theory of law: the City had received benefit of the notices, there was substantial compliance with the notice of claim statute and facts estopping the City from asserting a defense by reason of that statute. See Weldon, supra; Ray v. Midfield Park, Inc.,293 Ala. 609, 308 So.2d 686 (1975), and Ray v. Midfield Park,Inc., 289 Ala. 137, 266 So.2d 291 (1972); Rule 56, ARCP.
Accordingly, we reverse the ruling of the trial court granting summary judgments and remand.
REVERSED AND REMANDED. *Page 139 
HEFLIN, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.