I respectfully dissent. The majority holds that Ex parteYoungblood, [MS. March 27, 1981] (Ala. 1981), is directly applicable to the facts of this case to toll the one-year statute of limitations found in Code 1975, § 6-2-39.Youngblood, however, is easily distinguishable. This Court stated in Youngblood: *Page 22 
 The representations of an employer or its insurance carrier may be such as to estop them from asserting the statute of limitations as a bar to a claim for workmen's compensation, if the employer or the carrier, or their representatives, in their dealings with the claimant, conduct themselves in such a manner, whether innocently or fraudulently, as to mislead the claimant into believing that he can postpone the filing of his claim until the period of limitation has expired. Whether the employer or the carrier, or their representatives were primarily responsible for the delay is a fact question for the factfinder at the trial level. We also hold that the question of whether a person is a representative of the employer or the carrier is essentially one of fact also. This construction of the limitations provisions of the workmen's compensation statute is in accordance with the well recognized rule that the workmen's compensation law must be liberally construed in furtherance of its beneficent and humanitarian purposes. [emphasis supplied].
Ex parte Youngblood. From this quotation it is plain that this holding was limited to employer-employee situations. When theemployer is primarily responsible for the injured party's delay in bringing the action, the courts will hold that the employer is estopped from asserting the statute of limitations. Obviously, this action is not an employer-employee situation and Youngblood will not apply.
The second distinction is that Youngblood was construing the workmen's compensation laws, which are to be construed liberally. Ex parte Youngblood, [MS. March 27, 1981] (Ala. 1981); Gilmore v. Rust Engineering Co., 289 Ala. 46,265 So.2d 591 (1972); Bell v. Driskill, 282 Ala. 640, 213 So.2d 806
(1968). This is distinguished from the generally accepted rule that to give rise to an estoppel against pleading the statute of limitations there must be an affirmative inducement to the claimant to delay the commencement of the action. Seybold v.Magnolia Land Co., 376 So.2d 1083 (Ala. 1979). The representations required here fall far short of any affirmative inducement needed to estop the defendant from pleading the statute of limitations.
In City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110
(1967), this Court estopped the defendant from pleading the statute of limitations. In that case, this Court found that the city's adjuster and the claimant had formed a "warm acquaintanceship" and that a "spirit of cooperation was created between the parties and a relationship of confidence was spawned." The plaintiff had also sent a letter to the mayor in an effort to comply with the statute. As a result, the adjuster "assured the plaintiff that all was well; that they had done all that was necessary to perfect and complete the claim," and that there was no need to consult a lawyer. Here there is no doubt that no "warm relationship" or "spirit of cooperation" existed. The plaintiffs were not told that there was no need to consult an attorney and they were not assured that they had done all that was necessary to perfect their claim.
The plaintiffs here do not make a claim of intentional deception practiced by the county. They do not claim that the county actively urged them not to file a lawsuit or consult an attorney. Since the decision of Ex parte Youngblood is inapplicable, then the standards set out in Seybold v. MagnoliaLand Co., 376 So.2d 1083 (Ala. 1979), and City of Montgomery v.Weldon, 280 Ala. 463, 195 So.2d 110 (1967), should control. Thus, the statute of limitations should not be tolled and the plaintiffs' counts based on negligence and nuisance should be barred.
MADDOX and ALMON, JJ., concur. *Page 23