Crandall, the plaintiff below, appeals from the trial court's order dismissing his claim for damages for assault and battery and negligence against the City of Birmingham. The City's motion to dismiss, which was treated as a motion for summary judgment, was granted on the grounds that Crandall failed to file a notice of claim with the city clerk within the ninety-day period prescribed by Title 62, § 659, of the Alabama Code of 1940 (Recompiled 1958), as preserved by § 1-1-10 of the 1975 Code. It is undisputed that Crandall filed the notice more than ninety days, but less than six months, after the date of the incident.
Crandall challenges the constitutionality of Title 62, § 659, claiming it is unconstitutional under Art. IV, § 105, of the Alabama Constitution of 1901, and the equal protection clause of the Fourteenth Amendment of the United States Constitution.
The statute, in full, states:
 "§ 659. Claims for personal injury and property damage filed within ninety days. — No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides. (1915, p. 294.)"
As originally enacted, Act No. 257, Acts of Alabama, Regular Session 1915, which included the above section, applied to "cities which now have or which may hereafter have a population of as much as one hundred thousand people." With the adoption of the 1940 Code, the population classification was eliminated, and the act was specifically limited in application to the City of Birmingham. Ala. Code 1940, Title 62, § 1 (Recompiled 1958). The legislature did not adopt the local acts present in the 1940 Code when it enacted the 1975 Code. Today, Title 62, § 659, continues to apply only to the City of Birmingham. In all other municipalities, the limitation period for the presentation of claims against the municipality is six months from the date of the incident. Ala. Code 1975, § 11-47-23.
Crandall contends that § 659 is unconstitutional because it is an unequal application of the law. The test to determine whether a statute exists in violation of the equal protection clause has been stated by Mr. Justice Rehnquist in Holt CivicClub v. Tuscaloosa, 439 U.S. 60, 70-71, 99 S.Ct. 383, 390,58 L.Ed.2d 292 (1978):
 "`The Fourteenth Amendment does not prohibit legislation merely because it is special or limited in its application to a particular geographical or political subdivision of the state.' Fort Smith Light Co. v. Paving Dist., 274 U.S. 387, 391 [47 S.Ct. 595, 597, 71 L.Ed. 1112] (1927). Rather the Equal Protection Clause is offended only if the statute's classification `rests on grounds wholly irrelevant to the achievement of the State's objective.' McGowan v. Maryland, 366 U.S. 420, 425 [81 S.Ct. 1101, 1104, 6 L.Ed.2d 393] (1961); Kotch v. Board of River Port Pilot Comm'rs, 330 U.S. 552, 556 [67 S.Ct. 910, 912, 91 L.Ed. 1093] (1947)."
The purpose of § 659 is "to provide sufficient notice so that the City has an opportunity to investigate the claim, prepare its defense or negotiate a settlement." Brasher v. City ofBirmingham, 341 So.2d 137, 138 (Ala. 1976). Crandall argues that Birmingham's shorter filing period does not further the achievement of this purpose. On the other hand, the City argues that the shorter filing period is necessary because it receives a larger number of claims than any other municipality by virtue of being the largest city in the state and the destination of great numbers of *Page 79 
visitors. The City also argues that it has "a greater need for prompt filing of claims due to the faster mobility of witnesses, parties and employee turnover." We cannot agree.
We can discern no set of facts within reason which can justify the distinction between Birmingham and all other municipalities in this state. We take judicial notice of the fact that Birmingham is the largest city in the state, exceeding Mobile, the next largest city, by 84,000 people. 1980 Census, 3rd count. However, we see no connection between the size of a municipality and the need to receive a notice of claim within ninety days instead of six months. Crandall points out, and correctly so, that Birmingham has the same characteristics as all the other major Alabama cities. There are major interstate highways, miles of streets and roads maintained by the municipality, major attractions, and interstate, intrastate, and international industries requiring vast numbers of employees and large networks of transportation in each of Alabama's large cities.
In this case, Crandall was barred from pursuing his claim because he failed to file his notice within ninety days. Yet, if his claim had been against any other Alabama city, it would have been timely filed because notice was given within six months of the incident. Ala. Code 1975, § 11-47-23. The capriciousness of § 659 is especially evident here because the City, in anticipation of litigation, did investigate fully the claim almost immediately after the incident. The City's contention that it needs to receive notice within ninety days in order to conduct an adequate investigation cannot stand under these facts. Section 659 denies equal protection of the laws of this state and the United States Constitution to persons injured by the fault of the City of Birmingham. McGowanv. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961);Peddycoart v. City of Birmingham, 354 So.2d 808 (Ala. 1978).
Crandall also alleges that § 659 violates the provisions of Art. IV, § 105, of the Alabama Constitution of 1901, which states:
 "[N]o . . . local law . . . shall be enacted in any case which is provided for by a general law, . . . nor shall the legislature indirectly enact any . . . local law by the partial repeal of a general law."
He relies on Peddycoart v. City of Birmingham, supra, a case in which this Court struck down as unconstitutional Title 62, § 660 (Recompiled 1958), originating in the same act as Title 62, § 659, i.e., Act No. 257, Acts of Alabama, Regular Session 1915. This Court held that § 660 violated equal protection principles and that it was a local law, passed and continuing in existence in violation of Art. IV, § 105, of the Alabama Constitution. Section 660 granted governmental immunity to the City of Birmingham in direct contravention of already existing Title 37, § 507 [now §§ 11-47-190, -192 (1975)], a general law on the same subject. The Court's interpretation of § 105 was as follows:
 "We do not look upon the presence of a general law upon a given subject as a bare segment, but to the contrary, its presence is primary, and means that a local law cannot be passed upon that subject. . . .
". . . .
 ". . . [O]ur Constitution authorizes local legislation, and sets out a procedure for its enactment. Under that authorization local legislation reflecting responses to local needs may be enacted. It is only when those local needs already have been responded to by general legislation that § 105 of our state Constitution prohibits special treatment by local law." [Emphasis in original.]
354 So.2d at 813-815.
Art. IV, § 110, of the Alabama Constitution defines a "local law" as "a law which applies to any political subdivision or subdivisions of the state less than the whole." Amendments 375 and 397, amending § 110 and containing the redefinition of a local law, were not in effect at the time Act No. 257, containing the provisions included in § 659, was passed and are, therefore, not *Page 80 
applicable. Jefferson County v. Braswell, 407 So.2d 115 (Ala. 1981). We hold that § 659 is a local act, as defined by § 110 of the Constitution.
We agree with Crandall's argument quoted here from his brief:
 "At the time of the passage of Act 257, § 12 [now Title 62, § 659 (Recompiled 1958)], §§ 1191 and 1275, Code of Alabama 1907 (carried forward to date as §§ 11-47-23 and -192, Code of Alabama 1975) already existed and addressed the same subject matter for all Alabama municipalities as follows:
 "§ 11-47-23. Limitation periods for presentation of claims against municipalities.
 "`All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred. (Code 1907, 1191; Code 1923, 1907; Code 1940, T. 37, 476.)
"`. . . .'
 "The only substantive difference between Title 62, § 659 and §§ 11-47-23 and -192 is the time allowed for presentment of a claim. . . .
 "The enactment of Act 257, § 12 (now Title 62, § 659), in variance of existing §§ 1191 and 1275 (now §§ 11-47-23 and -192) and the continued existence of this local variance is in violation of Section 105, Alabama Constitution of 1901."
We are unable to distinguish this case from Peddycoart v.City of Birmingham, and, had the constitutionality of § 659 been an issue before this Court at the time of that decision, it would have been struck down on the same grounds as § 660.
We hold that § 659, a local law, is unconstitutional under Art. IV, § 105, of the Constitution because it was enacted at variance with an already existing general law on the same subject.
The trial judge erred in granting the City's motion to dismiss on the grounds that Crandall failed to timely file his notice of claim pursuant to § 659. Accordingly, we reverse the judgment and remand the cause for a trial on the merits, as the notice was filed well within the limits mandated by § 11-47-23, Ala. Code 1975.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.