The plaintiff appeals the trial court's final judgment dismissing the City of Birmingham as a party defendant on the ground that the plaintiff, Jimmy G. Large, failed to comply with the notice-of-claim requirements of Code 1975, § 11-47-23. We affirm.
Jimmy G. Large (appellant), a fireman for the City of Birmingham (City), was injured during a training exercise on October 16, 1986. Large, while testing new rappelling equipment fell from a training tower and was injured. He submitted an injury report later that day.
Large continued to work through January 22, 1987. On March 5, 1987, he was placed on "injured with pay status," retroactive to January 23, 1987. On June 17, 1987, Large filed a notice of claim with the City. On October 26, 1987, Large sued the City for damages for injuries received during the course of his employment, claiming negligence and wantonness. The trial court dismissed the City, ruling that Large had failed to file a notice of claim with the City within six months, as is required under Code 1975, § 11-47-23, which reads:
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."
Code 1975, § 11-47-23.
Appellant argues (1) that § 11-47-23 violates federal and state constitutional guaranties of equal protection and due process and, in addition, violates the "open courts" guaranty of the Alabama Constitution of 1901 (§ 13); (2) that actual notice is sufficient compliance with the time limitation; (3) that the City, based upon its handling of the claim, is estopped from raising noncompliance as a defense; and (4) that the notice of claim as submitted was timely presented.
It is well established that filing a statutory notice of claim provides sufficient notice to allow city authorities to have an opportunity to investigate the circumstances of an alleged injury, so as to prepare the city's defenses or to negotiate a settlement. City of Anniston v. Rosser, 275 Ala. 659, 158 So.2d 99 (1963); Hunnicutt v. City of Tuscaloosa,337 So.2d 346 (Ala. 1976); City of Florala v. Presley, 47 Ala. App. 94, 251 So.2d 226 (1971), cert. denied, 287 Ala. 727,251 So.2d 229 (1971). Although several other state courts have held similar statutes invalid, this Court in Parton v. City ofHuntsville, 362 So.2d 898 (Ala. 1978), unequivocally held that the notice-of-claim provision in question does not violate the due process and equal protection clauses of the Fourteenth Amendment. In Parton, this Court concluded that "[t]he limitations upon this right [to sue a municipality], when uniformly and equally applied, are constitutional." Parton,supra, at 901.
Appellant further argues that the City had actual notice of the incident, and that actual notice rendered strict compliance with § 11-47-23 unnecessary. Appellant, in addition to filing an accident report, did communicate, cooperate, and maintain contact, with the City. However, the required notice must be served upon the authorized representative of the City, in this case, the city clerk, and disclosure to any other division or supervisor cannot be treated as notice for the purposes of instituting a claim. Moreover, in filing an accident report and receiving treatment, appellant did not express an intention to sue. Therefore, actual notice cannot be allowed to replace the statutory formal notice-of-claim requirement. Mere knowledge of the incident resulting in injury does not satisfy the objectives of the notice-of-claim statute.
Citing City of Montgomery v. Weldon, 280 Ala. 463,195 So.2d 110 (1967), appellant argues that the noncompliance with §11-47-23 should be excused under an estoppel theory. Weldon can be distinguished factually from the case sub judice. In Weldon, an adjuster contacted the injured *Page 459 
party on behalf of the city on numerous occasions during the six-month period and assured the injured party that the claim had been perfected and that no further action was required. This Court held that the city, through its adjuster, had actively misled the injured party and had done things that caused an injured citizen to rely, to believe, to act, and to change his position in such a way that he would suffer injury if such a defense (failure to timely present the notice of claim) were allowed to bar a recovery.
Appellant asserts no course of conduct by the City in the instant case that induced reliance and caused him to change his position to his detriment or prejudice. Appellant did not receive any assurances or promises from an adjuster or any other person representing the City. We reject the contention that requesting information, maintaining contact, and giving directions regarding treatment are tantamount to the assurances received in Weldon.
Plaintiff argues that the notice of claim filed on June 11, 1987, should be deemed timely presented. Appellant states that although his accident occurred on October 16, 1986, the full extent of the injury that was the basis of the claim was not known to him until January 22, 1987; therefore, he argues, the notice of claim filed on June 17, 1987, was timely filed, being filed within six months of January 22, 1987. It is clear in this State that the statute of limitations begins to run whether or not the full extent of injury and/or damages is apparent at the time of the first legal injury. A cause of action accrues as soon as the party aggrieved is entitled to begin prosecution thereon. Federal Savings Loan Ins. Corp. v.Haralson, 813 F.2d 370 (11th Cir. 1987); Payne v. AlabamaCemetery Ass'n, Inc., 413 So.2d 1067 (Ala. 1982); Garrett v.Raytheon Co., 368 So.2d 516 (Ala. 1979); Turner v. Board ofEducation of Dale County, 360 So.2d 948 (Ala. 1978). Appellant was aware of his injury on October 16, 1986, and subsequently sought medical treatment and requested injury-with-pay leave. The October 16, 1986, date of discovery is the date the cause of action accrued. A later discovery pertaining to the severity of the injury would not toll and does not toll the running of the time allowed by the notice-of-claim statute.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.