Paul R. Fortenberry was injured while employed with the City of Birmingham ("the City"). He later sued the City, and other parties, seeking to recover damages for his injuries. Fortenberry's wife, Sharon, joined the suit, seeking to recover damages for loss of consortium. The trial court entered a summary judgment for the City on the ground that the Fortenberrys had failed to comply with the notice-of-claim requirements of Ala. Code 1975, §§ 11-47-23 and 11-47-192.[1] That judgment was made final pursuant to Rule 54(b), A.R.Civ.P., and the Fortenberrys appealed.
After carefully reviewing the briefs and the record, we conclude that the facts of this case are materially indistinguishable from those in Large v. City of Birmingham,547 So.2d 457 (Ala. 1989), and, therefore, that the trial court properly entered a judgment for the City.
We do note that the Fortenberrys' reliance on Brasher v. Cityof Birmingham, 341 So.2d 137 (Ala. 1976), is misplaced. InBrasher, the plaintiffs filed the notices of their claims with the mayor's office and requested that the mayor forward those notices to the city's legal department. This Court, construing Tit. 62, § 659, Code 1940 (Recompiled 1958), as preserved by Ala. Code 1975, § 1-1-10,[2] held that the plaintiffs *Page 1343 
had substantially complied with the notice-of-claim requirements. However, the plaintiffs in Large and in the present case, unlike the plaintiffs in Brasher, failed to file notices of claims with the city. The following quote from Large
is equally applicable here:
 "Appellant further argues that the City had actual notice of the incident, and that actual notice rendered strict compliance with § 11-47-23
unnecessary. Appellant, in addition to filing an accident report, did communicate, cooperate, and maintain contact, with the City. However, the required notice must be served upon the authorized representative of the City, in this case, the city clerk, and disclosure to any other division or supervisor cannot be treated as notice for the purposes of instituting a claim. Moreover, in filing an accident report and receiving treatment, appellant did not express an intention to sue. Therefore, actual notice cannot be allowed to replace the statutory formal notice-of-claim requirement. Mere knowledge of the incident resulting in injury does not satisfy the objectives of the notice-of-claim statute."
547 So.2d at 458.
Section 11-47-23 contemplates the filing of a notice of a claim for damages with the city clerk. Although the filing of a notice of claim under the circumstances in Brasher may constitute substantial compliance with the requirements of §§11-47-23 and 11-47-192, the complete failure to file such a notice does not.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ., concur.
[1] Section 11-47-23 provides:
 "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred." (Emphasis added.)
Section 11-47-192 provides:
 "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."
[2] Section 659, a local law applicable only to the City of Birmingham, read as follows:
 "No suit shall be brought or maintained nor shall any recovery be had against the city on a claim for personal injury, or for neglect or wrongful injury to personal property, unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto, by the party injured, stating substantially the manner in which the injury was received and the day and time and place where the accident occurred, and the damage claimed, and stating with substantial accuracy the nature and character of the injury received and the street and house number where the party injured resides."
This section was held unconstitutional in Crandall v. City ofBirmingham, 442 So.2d 77 (Ala. 1983).