Donald J. YANNELLA, Plaintiff,

v.

CITY OF DOTHAN, Defendant.

No. Civ.A. 97–A–903–S.

United States District Court,
M.D. Alabama,
Southern Division.

Sept. 29, 1999.

Donald J. Yannella, New York City, for plaintiff.

Freddie L. White, Dothan, AL, for defendant.

## *MEMORANDUM OPINION*

ALBRITTON, Chief Judge.

### I. *INTRODUCTION*

This case is before the court on a Motion for Summary Judgment filed by the Defendant, City of Dothan ("City"), on August 20, 1999 (Doc. # 15). Also before this court is Defendant's Alternative Motion to Strike (Doc. # 19).

Plaintiff, Donald J. Yannella ("Yannella"), filed his Complaint pro se on June 10, 1997. The City of Dothan filed its Answer on August 4, 1997. On October 7, 1997, Donald J. Yannella, Esq., son of the Plaintiff, filed a Motion to be Admitted Pro Hac Vice in order to represent Yannella in this case. This motion was granted on October 14, 1997.

For the reasons to be discussed, the Defendant's Motion for Summary Judgment is due to be GRANTED and Alternative Motion to Strike is due to be DENIED as MOOT.

### II. *SUMMARY JUDGMENT STANDARD*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment. is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a gen-

uine issue of material fact." *Id.* at 323, 106 S.Ct. 2548. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *See id.* at 322–24, 106 S.Ct. 2548.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S.Ct. 2548. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

### III. *FACTS*

The submissions of the parties establish the following facts viewed in a light most favorable to the non-movant:

Plaintiff Donald J. Yannella ("Yannella") was in the City of Dothan on June 11, 1995, for a job interview. Yannella drove to Westgate Memorial Park to go jogging. Westgate Memorial Park is a public park owned by the City of Dothan and is located at 501 Recreation Road in Dothan, Alabama. The park has several athletic facili-

ties, including jogging trails, softball fields, soccer fields, and a gymnasium.

During Yannella's run, he fell, sustaining injury to himself. Yannella alleges that he tripped because of a root that was in the middle of the jogging path at the park. *See* Complaint ¶ 8. As a result of his fall, Yannella argües that he suffered injury to his shoulder and the surrounding muscles. *See id.* ¶ 9. Yannella also alleges that he was unable to "perform and answer questions" at his interview and was unable to "pursue his usual occupation as a Dean of Barat College" for many months. *Id.* ¶¶ 15 & 16.

On December 26, 1995, the City received a Notice of Claim from Yannella alerting the City of his claim against the municipality for the injuries he sustained while jogging in Westgate Memorial Park.

## IV. *DISCUSSION*

Alabama law requires that all plaintiffs bringing a tort claim against a municipality in Alabama notify the municipality of their claims. According to the Alabama Code, § 11–47–23 (1992),

"All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

It is well established that "some presentation of the claim within six months of its accrual is mandatory." *Frazier v. City of Mobile,* 577 So.2d 439, 440 (Ala.1991); *City of Birmingham v. Davis, et al.,* 613 So.2d 1222, 1224 (Ala.1992).[1] A cause of action "accrues as soon as the party in whose favor it arises is entitled to maintain an action thereon." *City of Birmingham,* 613 So.2d at 1224. The purpose of this section

is to provide a city with some notice of an accident in order for the city to be able to investigate the claim and perhaps make an offer to the claimant before a civil action is filed. *See Hunnicutt v. City of Tuscaloosa,* 337 So.2d 346, 350 (Ala.1976), overruled on other grounds by *Buck v. City of Rainsville,* 572 So.2d 419 (Ala.1990). The Alabama Supreme Court has held that the notice-of-claim statute is not a statute of limitations, but is really a statute of nonclaim. *See Ivory v. Fitzpatrick,* 445 So.2d 262, 264 (Ala.1984).

In the present case, the City asserts that Yannella did not file a notice with the City until the end of December. The City presents an affidavit of Delma Lee, City Clerk for the City of Dothan. *See* Def. Exhibit C. Ms. Lee attests that the City of Dothan received a Notice of Claim from Yannella by certified mail on December 26, 1995. *See id.* Also attached to this affidavit is a copy of the Notice of Claim and the envelope in which it was sent. *See id.* The Notice of Claim is dated December 21, 1995. *See id.*

Yannella argues that the City's claim that the Notice of Claim was untimely should be denied because the City "suffered no prejudice whatsoever by virtue of the date of filing." Pl.Br. at 4. Yannella further argues that the City was aware of the defect in the running path because others had fallen and notified the City. *See id.* Finally, Yannella argues that if there was any lateness in the notice it should be excusable because Yannella "lives in the State of Illinois and is unfamiliar with the law in the State of Alabama." *Id.* at 5.

█ Yannella sustained his injury while running in the City's park on June 11, 1995. His cause of action against the City accrued at the time of the accident. Thus, Yannella had six months from June 11,

---

1. Some form of the claim must be presented because "[c]ompliance with the provisions of [the] statute is a condition precedent to bringing suit." *Brasher v. City of Birmingham,* 341 So.2d 137, 138 (Ala.1976). Only substantial compliance with the statute, however, is necessary. *See id.* Substantial compliance relates to the sufficiency of the notice, not the timing of the notice. *See, e.g., id.* Thus, Yannella can not argue that his notice substantially complied with the statute.

1995, to file a Notice of Claim pursuant to Alabama Code § 11–47–23 and § 11–47–192, making the notice due no later than December 11, 1995.[2] The City did not receive Yannella's Notice of Claim until December 26, 1995, more than two weeks after the notice was due.[3]

■ As for Yannella's first argument, the filing of the notice-of-claim with the City is mandatory. *See Frazier*, 577 So.2d at 440; *Ivory*, 445 So.2d at 264. Thus, whether or not the City was actually prejudiced by the late filing is irrelevant. Yannella failed to comply with the mandatory statutory requirement.

■ Second, "actual notice cannot be allowed to replace the statutory formal notice-of-claim requirement." *Large v. City of Birmingham*, 547 So.2d 457, 458 (Ala.1989); *Fortenberry v. City of Birmingham*, 567 So.2d 1342, 1343 (Ala.1990). In *Large*, a firefighter was injured while employed for the City of Birmingham. *See* 547 So.2d at 458. Mr. Large fell in October of 1986 during the testing of new firefighting equipment and he subsequently filed an accident report. *See id.* It was not until October of 1987 that Mr. Large filed a lawsuit against the City of Birmingham. *See id.* The trial court found that Mr. Large had failed to file the required Notice of Claim with the City of Birmingham. *See id.* Alabama's Supreme Court affirmed the trial court's holding. *See id.* at 459. Although Mr. Large had filed an accident report and communicated with the City of Birmingham about his injuries, at no point did he alert the City of Birmingham of his intention to sue. *See id.* at 458. The Court found that "actual notice cannot be allowed to replace the statutory formal notice-of-claim requirement. Mere

knowledge of the incident resulting in injury does not satisfy the objectives of the notice-of-claim statute." *Id.*

In the present case, the City had no notice of Yannella's fall within the six month time frame. At best, the City had notice of other injuries that occurred on the jogging trail to other individuals. As the Court found in *Large*, however, even actual notice of Yannella's fall and injuries would not have been enough to meet the statutory requirements. Yannella was required to comply with the requirements of § 11–47–23 and § 11–47–192 in order to bring an action against the City for personal injury.

■ Finally, ignorance of the law is not an excuse for non-compliance with a statute. Dating as far back as 1827, the Alabama Supreme Court wrote, "Laws are said to be prescribed to operate on every member of the community, and every one is presumed and bound to know them." *Jones v. Watkins*, 1 Stew. 81, 1827 WL 443, at *15 (Ala. January 1827). The Court made no distinction between whether the statute was civil or criminal. *See id.* (finding "no good reason for any distinction between what may be termed the civil and the criminal law of the country, or in other words, between the laws for the regulation of contracts, & c. and the laws defining and prescribing the punishment of crimes"). Yannella cites no cases to support his argument that he should be excused from this well recognized rule that "ignorance of the law is no excuse," merely because he was a non-resident of Alabama, and the court finds none. Consequently, it is presumed that Yannella knew of the

2. Section 11–47–192 states:
   No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured ... stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.
   Ala.Code § 11–47–192 (1992). The time limitations of § 11–47–23 are read in conjunction

with § 11–47–192. *See Poe v. Grove Hill Mem. Hosp. Bd.*, 441 So.2d 861, 863 (Ala. 1983); *see also Patrick v. City of Florala*, 793 F.Supp. 301, 303 (M.D.Ala.1992).

3. The Notice, as stated earlier, was dated December 21, 1995. So, at best the Notice was not even mailed until 10 days after the statutory deadline.

statute requiring the timely notice-of-claim and he was required to comply with it.

Because Yannella failed to timely comply with § 11–47–23, the City's Motion for Summary Judgment is due to be GRANTED. Because this court is granting the City's Motion for Summary Judgment, the City's Alternative Motion to Strike is due to be DENIED as MOOT.

### V. CONCLUSION

For the reasons discussed above, Defendant's Summary Judgment Motion is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

