Rel: December 8, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2023-2024

————————————————

### CL-2023-0392

————————————————

**Sydney Claire Frosch**

**v.**

**City of Birmingham**

**Appeal from Jefferson Circuit Court**
**(CV-22-903566)**

PER CURIAM.

Sydney Claire Frosch appeals from the dismissal of her personal-injury complaint against the City of Birmingham ("the City") on the ground that she failed to comply with the notice-of-claim requirements of § 11-47-23 and § 11-47-192, Ala. Code 1975.

Background

On November 6, 2021, Frosch was injured in a fall while walking on a sidewalk in Birmingham. (C. 7). On February 21, 2022, Frosch signed and had notarized an "Affidavit of Claim" form, in pertinent part provided by the City ("the affidavit-of-claim form"). That form states:

> "THE LAW OF THE STATE OF ALABAMA REQUIRES THAT A SWORN AFFIDAVIT OF CLAIM BE FILED WITH THE CITY CLERK OF THE CITY OF BIRMINGHAM (710 NORTH 20TH STREET, SUITE 300, BIRMINGHAM, ALABAMA 35203) WITHIN SIX MONTHS OF THE 1 INCIDENT ON WHICH THE CLAIM IS BASED. THIS FORM SHOULD BE COMPLETED IN FULL AND NOTARIZED. BE AS SPECIFIC AS POSSIBLE. USE REVERSE SIDE IF NECESSARY, FOR VEHICLE DAMAGE, ATTACH COPIES OF AT LEAST TWO ESTIMATES OF REPAIR COSTS, ATTACH SPECIFIC, ITEMIZED LIST OF PERSONAL PROPERTY DAMAGED INCLUDING PURCHASE PRICE, AGE, ESTIMATED PRESENT VALUE (BEFORE AND AFTER DAMAGE). ATTACH PHOTO IF POSSIBLE (NOT REQUIRED). IF YOU HAVE ANY QUESTIONS, PLEASE CALL THE LAW DEPARTMENT OF THE CITY OF BIRMINGHAM AT (205) 254-2369."

(Capitalization in original.)

On March 7, 2022, Frosch's counsel mailed an envelope, via the United States Postal Service, addressed to the City at the address the city provided in the affidavit-of claim form - - 710 North 20th Street, Suite 300, Birmingham, AL 35203. The envelope contained a letter from

Frosch's counsel with a salutation of "To Whom It May Concern" and stated that his firm had been retained to represent Frosch. Frosch's counsel also included the affidavit-of-claim form in the envelope. On March 17, 2022, Frosch's counsel received a letter from the office of the city attorney that stated, "This letter is to acknowledge receipt of the affidavit-of-claim form you filed with the City of Birmingham." The letter provided that if Frosch had any documents supporting her claim, "[o]ther than the documents you have already provided," she was to send them to the attention of the chief assistant city attorney. The letter also provided that the city attorney's office would "proceed to investigate your claim and you will be notified of our decision when our investigation is complete."

On November 23, 2022, Frosch filed a complaint in the Jefferson Circuit Court against the City, alleging negligence.[1] On January 9, 2023,

---

[1]Frosch also sued fictitiously named defendants as the individuals or entities who controlled and/or constructed the sidewalk where Frosch had fallen. The committee comments regarding the 1983 amendment to Rule 54(b), Ala. R. Civ. P., state:

"Subdivision (b) is amended so as to harmonize it with the provisions of Rule 4(f)[, Ala. R. Civ. P.,] dealing with judgment against one or more defendants where other defendants have not yet been served with process. Thus, a

the City filed a motion to quash service because Frosch had served "The City of Birmingham, Nicole E. King, City Attorney, Legal Department 6th Floor, 710 North 20th Street, Birmingham, AL 35202"; the City argued that service was not properly addressed to the mayor or the city clerk. The circuit court granted the motion. The record indicates that service was reissued without further objection from the City.

On March 6, 2023, the City filed a motion to dismiss Frosch's complaint for failure to file a notice of claim pursuant to § 11-47-23 and § 11-47-192, Ala. Code 1975. Frosch filed a response arguing that the affidavit-of-claim-form had been timely filed because the City had acknowledged receipt of the affidavit-of-claim form. On April 25, 2023,

---

judgment which disposes of fewer than all the parties is final where the parties as to whom there has been no judgment have not yet been served with process. See Ford Motor Credit Co. v. Carmichael, 383 So. 2d 539 (Ala. 1980), for a contrary result under Rules 4 and 54[,Ala. R. Civ. P.,] prior to the proposal of this revision."

Committee Comments to Amendment to Rule 54(b) Effective July 1, 1983.

Dismissal of all named defendants in a civil action disposes of the remaining allegations against fictitiously named parties and, therefore, is an appealable final judgment. Johnson v. Reddoch, 198 So. 3d 497 (Ala. 2015).

4

the circuit court granted the motion to dismiss with prejudice. Frosch timely appealed.[2]

Discussion

Frosch argues that the circuit court erred in dismissing her complaint because (1) the affidavit-of-claim form complied with § 11-47-23 and § 11-47-192 and the city attorney acknowledged receipt of that form; and (2) the City should be equitably estopped from claiming failure to file a claim as a defense because, again, the city attorney acknowledged receipt of the affidavit-of-claim form.

Section 11-47-23 provides:

> "All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred. Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."

Section 11-47-192 provides:

> "No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the

---

[2]Frosch's appeal had originally been filed in this Court, and we transferred the appeal to the supreme court based on lack of jurisdiction. See § 12-3-10, Ala. Code 1975. The supreme court then transferred this case back to our court pursuant to § 12-2-7(6), Ala. Code 1975.

5

manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed."

"'These statutes are to be construed as being in pari materia.'"

Etherton v. City of Homewood, 741 So. 2d 1078, 1080 (Ala. 1999) (quoting

Poe v. Grove Hill Mem'l Hosp. Bd., 441 So. 2d 861, 863 (Ala. 1983)).  This

court explained in Locker v. City of St. Florian, 989 So. 2d 546, 548-49

(Ala. Civ. App. 2008):

"Section 11-47-190, Ala. Code 1975, provides that a municipality may be liable to an injured party when the damage suffered by the injured party was due to the 'neglect, carelessness or unskillfulness' of an agent, employee, or officer of the municipality who was engaged in work for the municipality and who was acting within the line and scope of his or her employment.  Section 11-47-23 provides, in pertinent part, that '[c]laims [against a municipality] for damages growing out of torts shall be presented [to the clerk for payment] within six months from the accrual thereof or shall be barred.'  Pursuant to § 11-47-192, in order for an injured party to properly 'present' a claim under § 11-47-23, the injured party must file a sworn statement with the clerk 'stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.'  See Poe v. Grove Hill Mem'l Hosp. Bd., 441 So. 2d 861 (Ala. 1983); and Etherton v. City of Homewood, 741 So. 2d 1078 (Ala. 1999). However, if an injured party files a complaint alleging tort claims against a municipality within the six-month period prescribed by § 11–47–23, this will also satisfy the notice requirement. See Diemert v. City of Mobile, 474 So. 2d 663 (Ala. 1985). The purpose of the notice requirement is to furnish a municipality with 'sufficient physical details' of the incident to 'enable the

6

[municipality] to investigate the claim and settle with the claimant if it deems such action appropriate.' <u>Cox v. City of Birmingham</u>, 518 So. 2d 1262, 1264 (Ala. 1987) (citing <u>Hunnicutt v. City of Tuscaloosa</u>, 337 So. 2d 346 (Ala. 1976))."

In the present case, Frosch mailed her affidavit-of-claim form to the address supplied by the City on the affidavit-of-claim form. In <u>Perry v. City of Birmingham</u>, 906 So. 2d 174 (Ala. 2005), our supreme court held that an injured pedestrian's mailing of a notice of the pedestrian's claim against the City did not constitute "filing" the claim with the city clerk, for purposes of complying with § 11-47-23 and § 11-47-192. The plaintiff in <u>Perry</u> sued the City after he was injured when his wheelchair overturned on the sidewalk, alleging that the City had negligently maintained the sidewalk. The incident occurred on August 28, 2002, but the plaintiff did not sue until July 26, 2003. The City moved to dismiss because the plaintiff did not file his claim within six months of his injury. The City submitted an affidavit from the city clerk, who stated that she had no record of the claim. In response, the plaintiff submitted an affidavit from his counsel's secretary stating that she had mailed a verified notice of claim on February 25, 2003. The trial court entered a summary judgment for the City.

On appeal, our supreme court, in affirming the trial court, reasoned:

"Rule 3(a), Ala. R. Civ. P., provides that '[a] civil action is commenced by filing a complaint with the court.' Rule 5(e), Ala. R. Civ. P., defines filing with the court as '[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with the judge ....' Rule 25, Ala. R. App. P., provides:

"'(a) Filing. Papers required or permitted to be filed in an appellate court shall be filed with the clerk. Filing may be accomplished by mail addressed to the clerk, but filing shall not be timely unless the papers are received by the clerk within the time fixed for the filing, except that papers shall be deemed filed on the day of mailing if certified, registered, or express mail of the United States Postal Service is utilized.'

"Thus, Rule 25 implies that a mailing generally does not constitute a completed filing and that only an express provision in the law can impart completed filing status to a mailing.

"Perry cited Rule 5(b), Ala. R. Civ. P., to the trial court for the proposition that '[s]ervice by mail is complete upon mailing.' The defect in this argument is that neither § 11-47-23 nor § 11-47-192[, Ala. Code 1975,] provides for 'service by mail' or filing by mail. …

"….

"Perry has not presented this Court with any authority or any compelling legal reason to hold that a mailing of a claim against an Alabama municipality, without receipt of the

8

> claim, is a presentment or a filing within the meaning of § 11-47-23 and § 11-47-192. As the Olsen [v. Moffat Road Veterinary Clinic, 441 So. 2d 971 (Ala. Civ. App. 1983)] court observed, § 11-47-23 and § 11-47-192 do not prohibit the mailing of the claim by the plaintiff, but they do require the receipt of the claim by the city clerk within the specified six months as a condition precedent to further prosecution of the claim in court. "

Perry, 906 So. 2d at 177-179 (emphasis added).

Here, Frosch mailed the affidavit-of-claim form to the address supplied by the City. Although there is nothing in the record showing that the city clerk received the notice of Frosch's claim within six months of her injury, the city attorney acknowledged receipt of Frosch's claim within six months.

Large v. City of Birmingham, 547 So. 2d 457 (Ala. 1989), involved a fireman for the city who was injured during a training exercise on October 16, 1986. He submitted an injury report that same day. On March 5, 1987, the fireman was placed on "injured with pay status." 547 So. 2d at 458. On June 17, 1987, more than six months after the injury, the fireman filed a notice of the claim with the city. On October 26, 1987, he sued the city for damages for injuries received, claiming negligence and wantonness. The trial court dismissed the City, ruling that the

fireman had failed to comply with the notice-of-claim requirement of §11-47-23.

On appeal, the fireman in <u>Large</u> argued that the City had had actual notice of the incident and that that actual notice rendered strict compliance with § 11-47-23 unnecessary. In addition to filing an accident report, the fireman communicated, cooperated, and maintained contact with the city. "However, the required notice must be served upon the authorized representative of the City, in this case, the city clerk, and disclosure to any other division or supervisor cannot be treated as notice for the purposes of instituting a claim." 547 So. 2d at 458. Mere knowledge of the incident resulting in the injury did not satisfy the objectives of § 11-47-23, especially when the fireman had not previously indicated that he intended to sue the city. Unlike in <u>Large</u>, the City in this case had notice that Frosch intended to sue the City.

Our supreme court has held that substantial compliance with notice-of-claim requirements to a municipality is permissible when that notice comports with its purpose, which is to provide sufficient notice so that the municipality has an opportunity to investigate the claim, prepare its defenses, or negotiate a settlement. In <u>Brasher v. City of</u>

Birmingham, 341 So. 2d 137 (Ala. 1976), the plaintiffs filed the notices of their claims with the mayor's office and requested that the mayor forward those notices to the City's legal department. The supreme court construed a local act[3] which provided in pertinent part that "No suit shall be brought or maintained … against the city on a claim for personal injury … unless within ninety days from the receipt of such injury, a sworn statement be filed with the city clerk, or the city officer corresponding thereto…" 341 So. 2d at 138. The supreme court held that the plaintiffs had substantially complied with the notice-of-claim requirements within the local act.

> "Compliance with the provisions of this statute is a condition precedent to bringing suit. But, it is sufficient if there is substantial compliance, and the statute will be liberally construed in an effort to determine whether a claimant has so complied with its requisites as to serve the purpose of the statute. Allbritton v. City of Birmingham, 274 Ala. 550, 150 So. 2d 717 (1963).
>
> Its purpose is to provide sufficient notice so that the City has an opportunity to investigate the claim, prepare its defenses or negotiate a settlement."

---

[3]The local act, Tit. 62, § 659, Ala. Code 1940 (1958 Recomp.), was not repealed upon adoption of the Alabama Code of 1975, see Ala. Code 1975, § 1-1-10, but it was found unconstitutional in Crandall v. City of Birmingham, 442 So. 2d 77 (Ala. 1983).

341 So. 2d at 138 (emphasis added).

More recently, in <u>Etherton v. City of Homewood</u>, 741 So. 2d 1078, 1080 (Ala. 1999), our supreme court explained that the purpose of § 11-47-23 and § 11-47-192 " is to give notice of a claim in order that the municipality may <u>investigate and determine the merits</u> of the claim, 714 So, 2d at 1080 (quoting <u>McCarroll v. City of Bessemer</u>, 289 Ala. 449, 455, 268 So. 2d 731, 736 (1972)).." In <u>Etherton</u>, the notice was insufficient because the plaintiff's notice stated that he was making a claim against the Birmingham Water Works Board; it did not suggest that he was making a claim against the City. Consequently, the City had not investigated the claim. The notice therefore did not satisfy the objectives of the notice-of-claim requirements.

In <u>Brasher</u>, supra, the court discussed another case, <u>City of Montgomery v. Weldon</u>, 280 Ala. 463, 195 So. 2d 110 (1967), explaining that, in <u>Weldon</u>,

> "the claimant failed to file a sworn statement with the city clerk, but instead, wrote a letter to the mayor informing him of the claim. Although that case differs from the present one in that it went off on an estoppel theory when it was shown that the city had actually mislead claimant as to the sufficiency of his notice, <u>it is authority for us to say that compliance with the statute as to with whom notice was filed may not be subject to a test of technical accuracy. In keeping</u>

12

> with the purpose of the statute, plaintiffs should be permitted to develop facts which would indicate the City did have benefit of notice; therefore there was either substantial compliance with the statute or the City is estopped to deny there was."

Brasher, 341 So. 2d at 138 (emphasis added).

In the present case, on March 7, 2022, within six months of the incident made the basis of her complaint, Frosch's attorney sent a letter and the notarized, completed affidavit-of-claim form to the "City of Birmingham." The record shows that Frosch addressed the letter to the "City of Birmingham" and mailed it and the completed form to the city clerk's office, located at 710 North 20th Street, Suite 300, Birmingham, AL 35203, which the city-prepared affidavit-of-claim form lists as the city clerk's address. The salutation on the letter was "To Whom It May Concern."

On March 17, 2022, the chief assistant city attorney sent Frosch's counsel a letter acknowledging receipt of the affidavit-of-claim form "you filed with the City of Birmingham." In the letter, the city attorney wrote that if Frosch had any documentation supporting her claim "[o]ther than the documents you have already provided," she was to send them to his attention. The letter ended: "We will proceed to investigate your claim and you will be notified of our decision when our investigation is

13

complete." (Emphasis added.) We note that the city attorney's address is different from the city clerk's office; specifically, the city attorney's office is in a different suite than the city clerk's office.

Here, it is undisputed that the affidavit-of-claim form was mailed to the City at the city clerk's address, an address the City itself supplied on its affidavit-of-claim form. The letter the city attorney mailed to Frosch's attorney makes clear that the City was investigating Frosch's claim and was taking advantage of the opportunity to prepare a defense to her claim or negotiate a settlement with her; thus, the purpose of the notice-of-claim requirements was fulfilled. Under these circumstances, the rejection of the propriety of the notice of claim based merely on the absence of the word "clerk" in the address line of the envelope enclosing her affidavit-of-claim form is nothing more than an attempt to enforce technical accuracy with § 11-47-193, and our supreme court has already rebuffed a lack of such accuracy as a ground for dismissing a complaint.

Accordingly, we reverse the judgment of the circuit court dismissing Frosch's complaint and remand the case for proceedings consistent with this opinion.[4]

REVERSED AND REMANDED.

Thompson, P.J., and Moore, Hanson, and Fridy, JJ., concur.

Edwards, J., concurs in the result, without opinion.

---

[4]Based on our holding, we pretermit discussion of Frosch's equitable estoppel argument.